POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Movant Wu Ting and
Proposed Lead Counsel for the Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAN WANG, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DADA NEXUS LIMITED, JEFF HUIJIAN HE, and BECK ZHAOMING CHEN,<br><br>Defendants. | Case No. 2:24-cv-00239-SVW-BFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WU TING FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>DATE: April 8, 2024<br>TIME: 1:30 p.m.<br>JUDGE: Stephen V. Wilson<br>CTRM: 10A |

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT .................................................................................1

II. STATEMENT OF FACTS .........................................................................................2

III. ARGUMENT ..............................................................................................................5

    A. TING SHOULD BE APPOINTED LEAD PLAINTIFF ..............................5

        1. Ting Is Willing to Serve as Class Representative.....................................6

        2. Ting Has the "Largest Financial Interest" ................................................7

        3. Ting Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure .................................................8

        4. Ting Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ..........................................11

    B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ................................................................................................12

IV. CONCLUSION..........................................................................................................13

## TABLE OF AUTHORITIES
Page(s)

**Cases**

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
   No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012) ......................... 7

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1992) ....................................................................................... 9

*Hessefort v. Super Micro Comput., Inc.*,
   317 F. Supp. 3d 1056 (N.D. Cal. 2018) ...................................................................... 9

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ........................................................................................ 7

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ....... 7, 13

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ............................................................................ 7

*In re Petrobras Securities Litigation*,
   No. 14-cv-09662 (S.D.N.Y.) ................................................................................ 12, 13

*In re Solar City Corp. Sec. Litig.*,
   No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) ....................... 9

*Knox v. Yingli Green Energy Holding Co.*,
   136 F. Supp. 3d 1159 (C.D. Cal. 2015) ................................................................... 7, 8

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ........................................ 7

*Nicolow v. Hewlett Packard Co.*,
   No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) ........................... 7, 8

*Osher v. Guess?, Inc.*,
   No. CV01-00871LGB(RNBX), 2001 WL 861694 (C.D. Cal. Apr. 26, 2001) ......... 12

*Richardson v. TVIA, Inc.*,
   No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ...................... 9

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ..................................................................................10

*Tai Jan Bao v. SolarCity Corp.*,
    No. 14-CV-01435-BLF, 2014 WL 3945879 (N.D. Cal. Aug. 11, 2014) ......................9

**Statutes**

15 U.S.C. § 78u-4................................................................................................*passim*

Private Securities Litigation Reform Act of 1995 .......................................................*passim*

Securities Exchange Act of 1934 ...............................................................................1, 9

**Rules**

Fed. R. Civ. P. 23 ...................................................................................................*passim*

Movant Wu Ting ("Ting") respectfully submits this Memorandum of Points and Authorities in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Ting as Lead Plaintiff on behalf of a class (the "Class") consisting of persons or entities who purchased or otherwise acquired Dada Nexus Limited ("Dada" or the "Company") securities between May 11, 2023 and January 8, 2024, inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## I.  PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Dada investors, including Ting, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Dada securities to fall sharply, damaging Ting and other Dada investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Ting purchased 125,879 Dada American Depositary Receipts ("ADRs"), expended $496,774 on these purchases, retained 125,879

of his Dada ADRs, and, as a result of the disclosure of Defendants' alleged fraud, incurred losses of approximately $251,105. *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A.  Accordingly, Ting believes that he has the largest financial interest in the relief sought in the Action.  Beyond his considerable financial interest, Ting also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Ting has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Ting respectfully requests that the Court enter an Order appointing Ting as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

## II.   STATEMENT OF FACTS

As alleged in the Complaint in the Action, Dada is a platform for local on-demand retail and delivery in the People's Republic of China ("China").  The Company operates JD-Daojia, one of China's largest local on-demand retail platforms for retailers and brand

owners, and Dada Now, a leading local on-demand delivery platform open to merchants and individual senders across various industries and product categories.

Dada is incorporated in the Cayman Islands and its principal place of business is located in China. Dada's securities trade on the NASDAQ under the ticker symbol "DADA."

Throughout the Class Period, Defendants made materially false and/or misleading statements because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them: (1) Dada revenues from online advertising, marketing services, and operations and support costs were materially overstated; (2) as a result, Dada would need to conduct an independent review to ascertain the financial impact and the scope of suspicious practices that led to overstated revenues and costs; and (3) as a result, Defendants' statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On December 19, 2023, the Company issued a press release announcing Lijun Xin ("Xin") would be stepping down immediately as Chairman of the Company's Board due to personal reasons. In addition, Defendant Beck Zhaoming Chen ("Chen") would be resigning as Chief Financial Officer immediately due to personal reasons. Upon information and belief, Xin's and Chen's departure was the result of the restatement below.

MEMORANDUM OF POINTS AND AUTHORITIES - 2:24-cv-00239-SVW-BFM
3

On January 8, 2024, before market hours, Dada issued a press release on Form 6-K, which stated the following, in relevant part:

> Dada Nexus Limited (NASDAQ: DADA, "Dada" or the "Company"), China's leading local on-demand delivery and retail platform, today announced that, in the course of its routine internal audit, ***certain suspicious practices were identified that may cast doubt on certain revenues from the Company's online advertising and marketing services in 2023.***
>
> Based on its preliminary assessment, and subject to the findings from the Independent Review as explained below, ***the Company currently estimates that approximately RMB500 million of revenues from online advertising and marketing services and RMB500 million of operations and support costs may have been overstated, respectively, for the first three quarters of 2023. In addition, the revenue guidance previously provided by the Company for the fourth quarter and full year of 2023 should no longer be relied upon until further notice.***
>
> The audit committee of the Company's board of directors (the "Audit Committee"), after reviewing the currently available information, has determined that it would be in the best interest of the Company and the shareholders to conduct an independent review to ascertain the financial impact and the scope of suspicious practices, if any, and the root cause (the "Independent Review"). The Audit Committee is in the process of engaging, and will be assisted by, independent professional advisors, including a forensic accounting firm that is not the Company's auditor and an international law firm. The Company will provide timely updates on the Independent Review in due course consistent with the requirements of applicable rules and regulations.

(Emphases added.)

On this news, the price of Dada's ADRs fell $1.45 per share, or 45.87%, to close at $17.12 per share on January 8, 2024.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, the plaintiff in the Action and other Class members have suffered significant losses and damages.

### III.  ARGUMENT

#### A.  TING SHOULD BE APPOINTED LEAD PLAINTIFF

Ting should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Action to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

>(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Ting satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Ting Is Willing to Serve as Class Representative

On January 10, 2024, counsel for plaintiff in the Action caused the statutorily required Notice of this Action to be published via *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action lawsuit had been filed on behalf of Dada investors, and which advised investors in Dada securities that they had until March 11, 2024—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. B.

Ting has filed the instant motion pursuant to the Notice and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Ting satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Ting Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Ting has the largest financial interest of any Dada investor or investor group seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with courts nationwide,[1] these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District. *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012). Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 WL 792642, at *4.

During the Class Period, Ting: (1) purchased 125,879 Dada ADRs; (2) expended $496,774 on his purchases of Dada ADRs; (3) retained 125,879 of his Dada ADRs; and (4) as a result of the disclosure of Defendants' alleged fraud, incurred losses of approximately $251,105 in connection with his Class Period transactions in Dada securities. *See* Pafiti Decl., Ex. A. To the extent that Ting possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Ting Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

MEMORANDUM OF POINTS AND AUTHORITIES - 2:24-cv-00239-SVW-BFM
8

In making its determination that a lead plaintiff movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Tai Jan Bao v. SolarCity Corp.*, No. 14-CV-01435-BLF, 2014 WL 3945879, at *3 (N.D. Cal. Aug. 11, 2014). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Ting's claims are typical of those of the Class. Ting alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Dada, or by omitting to state material facts necessary to make the statements they did make not misleading. Ting, like other Class members, purchased Dada securities during the Class Period at prices alleged to have been artificially inflated by Defendants'

misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Dada's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Ting is an adequate representative for the Class. Here, Ting has submitted a signed Certification declaring his commitment to protect the interests of the Class. *See* Pafiti Decl., Ex. C. There is no evidence of antagonism or conflict between Ting's interests and those of the Class, and Ting's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation that gives him an incentive to vigorously prosecute the claims in this Action on behalf of the Class. Moreover, Ting has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz, Ting is also represented by the Chinese law firm the Hao Law Firm ("Hao") in this

Action.  Should the Court appoint Ting as Lead Plaintiff and appoint his chosen selection of counsel, Pomerantz, as Lead Counsel in this Action, Pomerantz will utilize Hao's services as a Chinese law firm to assist with document translation and provide investigative services in China, where Dada is headquartered, thereby providing important litigation advantages to both Ting and the Class.

Further demonstrating his adequacy, Ting has submitted a signed Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See* Pafiti Decl., Ex. D.

### 4. Ting Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Ting as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Ting's ability and desire to fairly and adequately represent the Class has been discussed above.  Ting is not aware of any unique defenses Defendants could raise that

would render him inadequate to represent the Class. Accordingly, Ting should be appointed Lead Plaintiff for the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See id.* § 78u-4(a)(3)(B)(v). The Court should interfere with a Lead Plaintiff's selection only when necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001) ("A court may reject the lead plaintiff's choice only if it is necessary to protect the interests of the class.").

Here, Ting has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Pafiti Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See*

*id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Ting's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute the Action effectively and expeditiously. Thus, the Court may be assured that by approving Ting's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Ting respectfully requests that the Court issue an Order: (1) appointing Ting as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  March 11, 2024                                      Respectfully submitted,

                                                            POMERANTZ LLP

                                                            */s/ Jennifer Pafiti*
                                                            Jennifer Pafiti (SBN 282790)
                                                            1100 Glendon Avenue, 15th Floor
                                                            Los Angeles, California 90024
                                                            Telephone: (310) 405-7190
                                                            jpafiti@pomlaw.com

*Counsel for Movant Wu Ting and
Proposed Lead Counsel for the Class*

HAO LAW FIRM
Junbo Hao
Room 3-401 No. 2 Building,
No. 1 Shuangliubei Street
100024  Beijing
People's Republic of China
Telephone: +86 137-1805-2888
jhao@haolaw.cn

*Additional Counsel for Movant Wu Ting*

# CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

<u>CERTIFICATE OF WORD COUNT</u>

The undersigned, counsel of record for Wu Ting, certifies that this brief contains 3,224 words, which complies with the word limit of L.R. 11-6.1.

Executed on March 11, 2024.

                                        */s/ Jennifer Pafiti*
                                        Jennifer Pafiti