Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

[*Additional Counsel on Signature Page*]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAN WANG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DADA NEXUS LIMITED, JEFF HUIJIAN HE, BECK ZHAOMING CHEN, LAURA MARIE BUTLER, BAOHONG SUN, JIAN HAN, AND JD.COM, INC.<br><br>Defendants. | No. 2:24-cv-00239-SVW-BFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>CLASS ACTION<br><br>Date: November 25, 2024<br>Time: 1:30 p.m.<br>Courtroom: 10A<br>Judge: Hon. Stephen V. Wilson |

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT..................................................................1

II.   OVERVIEW OF THE LITIGATION .................................................2

A.    Plaintiffs' Allegations .................................................................2

B.    Procedural History and Settlement...........................................3

III.  THE COURT SHOULD CERTIFY THE SETTLEMENT CLASS.......4

A.    The Settlement Class Satisfies Rules 23(a)................................4

1.    Numerosity.............................................................................4

2.    Commonality .........................................................................5

3.    Typicality................................................................................5

4.    Adequacy................................................................................6

B.    The Settlement Class Satisfies Rule 23(b)(3)............................7

1.    Predominance ........................................................................7

2.    Superiority .............................................................................8

C.    Ascertainability ...........................................................................9

IV.   THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL.....9

A.    Plaintiffs and Lead Counsel Adequately Represented the Class ........10

B.    The Settlement is the Product of Arm's Length Negotiations.............11

C.    The Relief Provided to the Class is Adequate .......................................12

1.    The Strength of Plaintiffs' Case and the Risk, Expense, Complexity, and Likely Duration of Continued Litigation .....................................12

2.    Risk of Maintaining Class Action Status Through Trial .................15

D.    The Remaining Rule 23(e)(2)(C) Factors Support Approval.............15

1.    The Methods of Distributing Relief and Processing Claims............15

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

2.    Proposed Attorneys' Fees ..........................................................................16

3.    Other Agreements ......................................................................................16

E.    The Proposed Settlement Does Not Unjustly Favor Any Settlement Class Member, Including Plaintiffs .........................................................17

F.    The Remaining Ninth Circuit Factors Favor Approval .....................18

1.    The Amount Offered in Settlement .........................................................18

2.    The Extent of Discovery and Stage of Proceedings ...........................20

3.    Experienced Counsel's Recommendations ...........................................20

V.    THE COURT SHOULD APPROVE THE NOTICE PLAN .................21

VI.    PROPOSED SCHEDULE OF EVENTS ....................................................23

VII.   CONCLUSION ...............................................................................................24

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prod., Inc. v. Windsor*,
521 U.S. 591 (1997).................................................................................7, 8

*Baker v. SeaWorld Ent., Inc.*,
2020 WL 818893 (S.D. Cal. Feb. 19, 2020).........................................................21

*Booth v. Strategic Realty Tr., Inc.*,
2015 WL 3957746 (N.D. Cal. June 28, 2015)..........................................................9

*Cheng Jiangchen v. Rentech, Inc.*,
2019 WL 5173771 (C.D. Cal. Oct. 10, 2019).........................................................16

*Christine Asia Co. v. Yun Ma*,
2019 WL 5257534 (S.D.N.Y. Oct. 16, 2019)..........................................................17

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) .........................................................................13

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ..........................................................10, 11, 12, 18

*Hefler v. Wells Fargo & Co.*,
2018 WL 4207245 (N.D. Cal. Sept. 4, 2018) ...............................................17, 18

*Hefler v. Wells Fargo & Co.*,
2018 WL 6619983 (N.D. Cal. Dec. 18, 2018)......................................................13

*In re Advanced Battery Techs., Inc. Sec. Litig.*,
298 F.R.D. 171 (S.D.N.Y. 2014) .......................................................................21

*In re "Agent Orange" Prod. Liab. Litig.*,
597 F. Supp. 740 (E.D.N.Y. 1984) ....................................................................18

iii

*In re Audioeye, Inc., Sec. Litig.*,
   2017 WL 5514690 (D. Ariz. May 8, 2017) ........................................................16

*In re China Med. Corp. Sec. Litig.*,
   2013 WL 12126754 (C.D. Cal. May 16, 2013) ..................................................4, 7

*In re China Med. Corp. Sec. Litig.*,
   2014 WL 12581781 (C.D. Cal. Jan. 7, 2014) ......................................................12

*In re Cooper Companies Inc. Sec. Litig.*,
   254 F.R.D. 628 (C.D. Cal. 2009) ..........................................................................8

*In re Heritage Bond Litig.*,
   2005 WL 1594403 (C.D. Cal. June 10, 2005) .......................................................9

*In re Hyundai & Kia Fuel Econ. Litig.*,
   926 F.3d 539 (9th Cir. 2019)..................................................................................9

*In re Immune Response Sec. Litig.*,
   497 F. Supp. 2d 1166 (S.D. Cal. 2007).................................................................13

*In re Juniper Networks, Inc. Sec. Litig.*,
   264 F.R.D. 584 (N.D. Cal. 2009)............................................................................5

*In re Marsh & McLennan Companies, Inc. Sec. Litig.*,
   2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009) .....................................................22

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000)..................................................................12, 16, 17

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008) ...............................................................15

*In re Regulus Therapeutics Inc. Sec. Litig.*,
   2020 WL 6381898 (S.D. Cal. Oct. 30, 2020) ......................................................19

*In re Rent-Way Sec. Litig.*,
   305 F. Supp. 2d 491 (W.D. Pa. 2003)...................................................................15

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

*In re Silver Wheaton Corp. Sec. Litig.*,
  2017 WL 2039171 (C.D. Cal. May 11, 2017) .................................................4, 5, 6

*In re Snap Sec. Litig.*,
  2021 WL 667590 (C.D. Cal. Feb. 18, 2021) ........................................................19

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
  535 F. Supp. 2d 249 (D.N.H. 2007).....................................................................13

*In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. L*iab. Litig.,
  2016 WL 6248426 (N.D. Cal. Oct. 25, 2016) ......................................................20

*In re Wireless Facilities, Inc. Sec. Litig. II*,
  253 F.R.D. 607 (S.D. Cal. 2008) .........................................................................13

*In re Zynga Inc. Sec. Litig.*,
  2015 WL 6471171 (N.D. Cal. Oct. 27, 2015) ...............................................5, 7, 8

*Kendall v. Odonate Therapeutics, Inc.,*
  2022 WL 1997530 (S.D. Cal. June 6, 2022).........................................................19

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
  136 F. Supp. 3d 1159 (C.D. Cal. 2015) ..................................................................6

*Middlesex Cty. Ret. Sys. v. Semtech Corp.*,
  2010 WL 11507255 (C.D. Cal. Aug. 27, 2010).....................................................5, 6

*Mild v. PPG Indus., Inc.*,
  2019 WL 3345714 (C.D. Cal. July 25, 2019).......................................................11

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) .........................................................................20

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
  238 F.R.D. 482 (C.D. Cal. 2006) ...........................................................................7

*O'Connor v. Boeing N. Am., Inc.*,
  184 F.R.D. 311 (C.D. Cal. 1998) ...........................................................................9

v

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*,
    688 F.2d 615 (9th Cir. 1982) ............................................................................... passim

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ...................................................................................... 22

*Salazar v. Midwest Servicing Grp., Inc.*,
    2018 WL 3031503 (C.D. Cal. June 4, 2018) ............................................................. 13

*Turocy v. El Pollo Loco Holdings, Inc.*,
    2018 WL 3343493 (C.D. Cal. July 3, 2018) ................................................................ 4

*Satchell v. Fed. Express Corp.*,
    2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) ........................................................... 11

*Vikram v. First Student Mgmt., LLC*,
    2019 WL 1084169 (N.D. Cal. Mar. 7, 2019) ............................................................. 18

*Vinh Nguyen v. Radient Pharms. Corp.*,
    287 F.R.D. 563 (C.D. Cal. 2012) ................................................................................. 4

*Vinh Nguyen v. Radient Pharms. Corp.*,
    2014 WL 1802293 (C.D. Cal. May 6, 2014) ......................................................... 7, 17

*Wong v. Arlo Techs., Inc.*,
    2021 WL 1531171 (N.D. Cal. Apr. 19, 2021) ........................................................... 12

**Statutes**

15 U.S.C. § 78u-4(a)(7)(A)-(F) ........................................................................................ 22

28 U.S.C. §1715 ................................................................................................................ 21

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................... passim

vi

Lead Plaintiff Senthil Subramanian and named plaintiff Yan Wang ("Plaintiffs") submit this memorandum in support of their Unopposed Motion for Preliminary Approval of Class Action Settlement. Plaintiffs request that the Court: (1) preliminarily certify the Settlement Class and appoint class representatives and class counsel; (2) preliminarily approve the Settlement on the terms set forth in the Stipulation of Settlement, dated October 14, 2024 ("Stipulation") (3) approve the proposed form and method of notice to the Settlement Class, and direct that such notice be disseminated; and (4) schedule a Settlement Hearing to consider final approval of the Settlement and related matters.[1]

## I.    PRELIMINARY STATEMENT

The Parties agreed to resolve this Action for $4,800,000 ("Settlement"). The Settlement provides a fair, reasonable, and adequate result for investors despite significant risk. Plaintiffs seek preliminary approval of the Settlement. Preliminary approval does not require the Court to determine whether it should grant final approval of the Settlement at this point. Rather, the Court need only determine whether the Settlement is *approvable*, that it falls within the range that the Court reasonably could approve. If the Court grants preliminary approval, Plaintiffs will provide notice to the Settlement Class, soliciting claims, objections to, and exclusions from, the Settlement. At the Settlement Hearing, with Settlement Class Members' reactions in hand, the Court will determine whether to grant final approval of the Settlement.

To reach the Settlement, the Parties engaged in arm's-length negotiations guided by the Honorable S. James Otero (Ret.) of JAMS. Plaintiffs and counsel were aware that they faced significant obstacles if litigation were to continue,

---

[1] All capitalized terms not otherwise defined shall have the same meanings ascribed to them in the Stipulation.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

including surviving a motion to dismiss to be filed by Defendant Dada Nexus Limited ("Dada") and JD.com, Inc. ("JD" and with Dada, "Settling Defendants"), difficulties in proving damages, the availability of proof with Defendants based in China, Defendants' potential defenses, and the risks of prosecuting this litigation for years through trial and appeals.

The Court must also preliminarily certify the Settlement Class to allow for notice to be distributed to Settlement Class Members. Certification of a settlement class is routine in securities class actions.

Lastly, the Court must approve how notice of the Settlement will be communicated to Settlement Class Members ("Notice Plan") and the proposed documents that Plaintiffs will use to communicate notice – the Long Notice, the Summary Notice, and the Postcard Notice (together, "Notice").[2]  Here, the Notice closely tracks the forms routinely used to communicate notice in securities class actions, the Notice Plan tracks effective and efficient plans used to communicate notice in securities class actions, and both satisfy the requirements of Rule 23.

For these reasons, the Court should preliminarily certify the Settlement Class and preliminarily approve the Settlement, Notice, and Notice Plan.

## II.    OVERVIEW OF THE LITIGATION

### A.    Plaintiffs' Allegations

The following paragraph contains only Plaintiffs' allegations, none of which Defendants admit. Plaintiffs allege that between March 2023 and April 2024, Dada artificially inflated revenues to meet its revenue forecasts, deeming its actions "suspicious practices." Dada employees allegedly accomplished the scheme

---

[2] The Long Notice, Summary Notice, and Postcard Notice are attached as Exhibits A-1, A-3, and A-4, respectively, to the Stipulation. Exhibit A-2 is the proposed Proof of Claim and Release Form ("Claim Form").

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

through fraudulent "roundtripping" transactions. Upon discovery of the misconduct, Dada set forth its findings in a series of disclosures. Dkt. No. 45 ¶¶49, 57, 59-60, 64-66, 70. Dada's subsequent disclosures also referred to certain "indicia of suspicion" that certain employees, including Defendants He and Chen, failed to "follow up" on. ¶¶56, 60, 80. Former employees confirmed that Dada had an online system monitoring revenue, costs, and expenses on online advertising and marketing services to which He and Chen had access and about which He and Chen received regular reports. ¶¶81-89. As a result of the fraud's disclosure over time, Dada's ADS fell materially on January 8-11, 2024, and April 23, 2024. ¶¶50-55, 72. During the Class Period, Defendant JD.com was a controlling and majority shareholder of Dada, and was aware of Dada's fraud before its public disclosure. ¶¶26, 56.

### B.    Procedural History and Settlement

Plaintiff Wang initiated this Action alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. On April 5, 2024, the Court appointed Subramanian as Lead Plaintiff and The Rosen Law Firm, P.A. ("Rosen") as Lead Counsel. On June 12, 2024, Plaintiffs filed the operative corrected Amended Class Action Complaint ("Complaint").

On August 14, 2024, the Parties participated in a mediation with Judge Otero. Not only is Judge Otero a former district judge who has overseen securities class actions in this District, he has experience mediating these kinds of cases. Prior to the mediation, the Parties exchanged detailed mediation statements. The Parties did not reach an agreement during the mediation, but continued discussions with Judge Otero's guidance. After continued negotiations, the Parties accepted Judge Otero's mediator's proposal to settle the Action for $4,800,000. After further negotiations, the Parties finalized their agreement and executed the Stipulation, memorializing the Settlement.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

## III.    THE COURT SHOULD CERTIFY THE SETTLEMENT CLASS

In preliminarily approving the proposed Settlement, the Court must consider whether to certify the Settlement Class under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. Plaintiffs request that the Court preliminarily certify a Settlement Class consisting of "all Persons and entities who purchased publicly traded Dada ADS [American Depository Shares] between March 9, 2023 and April 22, 2024, both dates inclusive, and who were damaged thereby." Stipulation ¶1.36 (defining "Settlement Class" and detailing exclusions therefrom).

Courts in the Ninth Circuit and within this District routinely certify securities class actions one. *Turocy v. El Pollo Loco Holdings, Inc.*, 2018 WL 3343493 (C.D. Cal. July 3, 2018); *In re Silver Wheaton Corp. Sec. Litig.*, 2017 WL 2039171 (C.D. Cal. May 11, 2017). The Court should preliminarily certify the Settlement Class to permit notice to Settlement Class Members.

### A.    The Settlement Class Satisfies Rules 23(a)

To certify a settlement class, the Court must determine that the threshold requirements of Rule 23(a) are met: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy.

#### 1.    Numerosity

For numerosity purposes, "classes of forty or more are considered sufficiently numerous." *In re China Med. Corp. Sec. Litig.*, 2013 WL 12126754, at *2 (C.D. Cal. May 16, 2013).[3]  In securities fraud cases involving nationally traded stocks and ADS where "the exact size of the proposed class is unknown, but general knowledge and common sense indicate it is large, the numerosity requirement is satisfied." *Vinh Nguyen v. Radient Pharms. Corp.*, 287 F.R.D. 563, 569 (C.D. Cal.

---

[3]  Emphasis is added and internal citations and quotations omitted unless otherwise indicated.

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

2012). The Settlement Class comprises purchasers of Dada ADS, which traded on NASDAQ during the Class Period. As of March 31, 2023, there were 1,024,936,126 Dada ordinary shares issued and outstanding, and an estimated 29 million ADS outstanding. Thus, the Settlement Class satisfies numerosity.

### 2.    Commonality

The "commonality requirement is generally construed liberally," and even one significant common issue of law or fact suffices to show commonality. *Middlesex Cty. Ret. Sys. v. Semtech Corp.*, 2010 WL 11507255, at *3 (C.D. Cal. Aug. 27, 2010). This case involves several common questions of law and fact, including whether: (1) Defendants made false or misleading public statements or omissions during the Class Period; (2) Defendants acted with scienter; (3) Defendants' misrepresentations artificially inflated the market price of Dada ADS during the Settlement Class Period; and (4) Settlement Class Members were damaged by Defendants' statements and omissions. Commonality is satisfied even though the amount to which each class member is entitled will differ. *In re Zynga Inc. Sec. Litig.*, 2015 WL 6471171, at *6 (N.D. Cal. Oct. 27, 2015); *In re Juniper Networks, Inc. Sec. Litig.*, 264 F.R.D. 584, 588 (N.D. Cal. 2009) ("[M]isrepresentations by a company to its stockholders satisfy the commonality requirement of Rule 23(a)(2)."). The Settlement Class satisfies commonality.

### 3.    Typicality

"[T]ypicality is satisfied if the plaintiff's claims are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Silver Wheaton*, 2017 WL 2039171 at *7. Where plaintiffs allege that they purchased the security in question and suffered damages as a result of defendants' misstatements or omissions, their claims are typical of the class. *Id.* Here, Plaintiffs purchased Dada ADS during the Settlement Class Period and suffered significant losses. *See* Dkt. Nos. 1-1 and 14-2 (Plaintiffs' Certifications pursuant to the Private Securities

5

Litigation Reform Act of 1995 ("PSLRA")). Plaintiffs' claims are typical of those of the Settlement Class, and no unique defenses apply to Plaintiffs' claims. *See Semtech*, 2010 WL 11507255 at *4-5. Plaintiffs satisfy the typicality requirement.

### 4.    Adequacy

A representative plaintiff is adequate if they have no conflicts of interest with the class and show that they and their counsel will prosecute the action vigorously on behalf of the class. *Semtech*, 2010 WL 11507255 at *5. Plaintiffs' PSLRA certifications indicated they reviewed the complaint and are willing to represent the Class. Dkt. Nos. 1-1 and 14-2. There is no conflict of interest between Plaintiffs and the Settlement Class. Plaintiffs are adequate class representatives. *Silver Wheaton*, 2017 WL 2039171 at *7-8.

As to Lead Counsel's adequacy, the Court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Lead Counsel have been involved in this Action from the beginning, conducting a pre-filing investigation, filing the initial complaint, retaining an investigator in China to interview former Dada employees, filing the operative Complaint, retaining a damages expert and an accounting expert to evaluate the case, preparing a mediation statement, participating in a mediation, formalizing the settlement, and filing the instant motion for preliminary approval. Lead Counsel are experienced securities class action attorneys who are knowledgeable and capable of evaluating cases, including against Chinese issuers. Courts have consistently found Rosen to be qualified class counsel in securities class actions. *E.g., Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1165 (C.D. Cal. 2015) (Rosen is "'highly qualified [and] experienced' in

6

securities class actions."); *Vinh Nguyen v. Radient Pharms. Corp.*, 2014 WL 1802293, at *9 (C.D. Cal. May 6, 2014) (noting that Rosen "took on significant risk in this case, working thoroughly and enthusiastically through extensive litigation that required significant expert involvement" to secure eve-of-trial settlement). Lead Counsel will adequately represent the Settlement Class.

### B.     The Settlement Class Satisfies Rule 23(b)(3)

The Court should preliminarily certify the Settlement Class under Rule 23(b)(3), as "the questions of law or fact common to class members predominate over any questions affecting only individual members" ("predominance"), and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" ("superiority"). Fed. R. Civ. P. 23(b)(3).

### 1.     Predominance

The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation," and is "readily met" in securities class actions. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 (1997) and 625 (1997). Here, issues surrounding Defendants' alleged misconduct, such as whether: their statements were false or misleading; they acted with requisite scienter; and their conduct caused damages to Plaintiffs and the Settlement Class, are common to each member of the Settlement Class. Predominance is satisfied where, as Plaintiffs allege that, "many purchasers have been defrauded over time by similar misrepresentations." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 492 (C.D. Cal. 2006).

Allegations arising under the federal securities laws typically support a finding of predominance as they arise out of common questions and issues. *China Med.*, 2013 WL 12126754, at *5 ("Plaintiff's claims under federal securities laws entail nothing but common questions and issues for the class."); *Zynga*, 2015 WL 6471171, at *7. While the amount of damages may differ among Settlement Class

7

members, Plaintiffs contend that liability and the proper measure of damages can be determined on a class-wide basis. *In re Cooper Companies Inc. Sec. Litig.*, 254 F.R.D. 628, 640 (C.D. Cal. 2009) ("[T]he critical questions of what Defendants said, what they knew, what they withheld, and with what intent they acted, are central to all class members' claims. … Issues such as certain members' damages, timing of sales and purchases, or standing to file suit, do not have the same primacy"). The Settlement Class satisfies predominance.

### 2. Superiority

For a proposed settlement class, superiority is more easily established. *Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems … for the proposal is that there be no trial.").

Other superiority factors also support certification. As the Supreme Court recognized, "the policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Amchem*, 521 U.S. at 617. Settlement Class Members are individuals for whom prosecution of a costly individual action for relatively minor damages is neither realistic nor efficient. No Settlement Class Members have brought separate claims, which would likely be consolidated into this Action. A class action avoids the duplication of efforts and inconsistent rulings. *Zynga*, 2015 WL 6471171, at *7 (if shareholders "each brought individual actions, they would each be required to prove the same wrongdoing to establish Defendants' liability. Different courts could interpret the claims different, resulting in inconsistent rulings or unfair results"). Efficiently resolving the claims of the entire Settlement Class at once, this Action satisfies the superiority requirement.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

The Court should preliminarily certify the Settlement Class.

### C.      Ascertainability

The Ninth Circuit recognized that certification of settlement classes requires "heightened attention to the definition of the class." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556–57 (9th Cir. 2019). A class definition is approvable "if the description of the class is definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998). Proposed classes for securities class actions settlements are almost always definite and ascertainable. Here, the proposed Settlement Class is clearly defined as investors who purchased publicly traded Dada ADS during the Settlement Class Period. *Booth v. Strategic Realty Tr., Inc.*, 2015 WL 3957746, at *3 (N.D. Cal. June 28, 2015) (finding the class definition "satisfies the ascertainability requirement, as the class consists of individuals who purchased [company] stock within a discrete time period."). The Settlement Class definition is suitable for certification and satisfies ascertainability.

## IV.     THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Public policy strongly favors settlements to resolve disputes, "particularly where complex class action litigation is concerned." *Hyundai*, 926 F.3d at 556; *In re Heritage Bond Litig.*, 2005 WL 1594403, at *2 (C.D. Cal. June 10, 2005) ("the Ninth Circuit has a strong judicial policy that favors [approving] settlements, particularly where complex class action litigation is concerned") (citing *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) ("voluntary conciliation and settlement are the preferred means of dispute resolution.")).

Class action claims require judicial approval. Preliminary approval turns on whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

R. Civ. P. 23(e)(1)(B). Rule 23(e)(2) governs final approval and requires courts to determine if a proposed settlement is fair, reasonable, and adequate:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

The Ninth Circuit additionally uses the following factors for preliminary approval, some of which overlap with Rule 23(e)(2): "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).[4]

A preview of these final approval factors demonstrates that this Settlement is well within the range of possible approval. The proposed Settlement satisfies each of the factors identified under Rule 23(e)(2), as well as the applicable Ninth Circuit factors. The Court will likely approve the Settlement as fair, reasonable, and adequate.

### A. Plaintiffs and Lead Counsel Adequately Represented the Class

Courts must consider whether the "class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A). The Ninth

---

[4] Before notice of the Settlement is disseminated, it is not possible to gauge the class' reaction. Plaintiffs, however, support the Settlement.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

Circuit requires courts to resolve two questions to determine adequacy: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members[;] and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020.

Plaintiffs and Lead Counsel adequately represented the Settlement Class throughout this Action. Plaintiffs have no antagonistic interests to other Settlement Class Members, their claims are typical of Settlement Class Members' claims, and Plaintiffs share an interest with the other Settlement Class Members in obtaining the largest possible recovery for the Settlement Class. *Mild v. PPG Indus., Inc.*, 2019 WL 3345714, at *3 (C.D. Cal. July 25, 2019) ("Because Plaintiff's claims are typical of and coextensive with the claims of the Settlement Class, his interest in obtaining the largest possible recovery is aligned with the interests of the rest of the Settlement Class members."). Further, Plaintiffs worked closely with Lead Counsel throughout the pendency of this Action to achieve the best possible result for themselves and the Settlement Class.

Plaintiffs retained highly experienced counsel with a successful track record in these cases. *See supra*, § III(A)(4); *see also* Dkt. No. 14-4 (Firm Résumé). Lead Counsel has and will continue to vigorously prosecute the Action through the final settlement approval and distribution process.

**B.    The Settlement is the Product of Arm's Length Negotiations**

Rule 23(e)(2)(B) addresses whether "the [settlement] proposal was negotiated at arm's length." The use of an experienced mediator further supports satisfaction of this factor. *Satchell v. Fed. Express Corp.*, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.").

The proposed Settlement followed hard-fought litigation and arm's length negotiations, including a mediation session and subsequent discussions guided by

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

retired U.S. District Judge Otero, who has experience overseeing securities class action litigations and mediating complex cases, such as this one, as a neutral at JAMS. The Parties' mediation statements presented their respective views on the merits of the Action, including defenses and issues relating to falsity, causation, and damages. Eventually, the Parties mutually accepted the mediator's proposal. *In re China Med. Corp. Sec. Litig.*, 2014 WL 12581781, at *5 (C.D. Cal. Jan. 7, 2014) (mediator's "involvement in the settlement supports the argument that it is non-collusive"). The negotiations were at all times adversarial and conducted at arm's length. The Settlement is procedurally fair.

### C.      The Relief Provided to the Class is Adequate

The Court must consider whether "the relief provided for the class is adequate, taking into account … the costs, risks, and delay of trial and appeal" along with other relevant factors. Fed. R. Civ. P. 23(e)(2)(C)(i). This requirement incorporates three of the traditional *Hanlon* factors: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; and the risk of maintaining class action status through the trial. *Wong v. Arlo Techs., Inc.*, 2021 WL 1531171, at *8 (N.D. Cal. Apr. 19, 2021) (*citing Hanlon*, 150 F.3d at 1026). These factors support preliminary approval of the Settlement.

### 1.      The Strength of Plaintiffs' Case and the Risk, Expense, Complexity, and Likely Duration of Continued Litigation

In assessing whether the Settlement is fair, reasonable, and adequate, the Court must balance the continuing risks of litigation, including the strengths and weaknesses of the case, and the complexity, expense, and likely duration of continued litigation, against the benefits afforded to the Settlement Class, including the immediacy and certainty of a financial recovery. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458, 459 (9th Cir. 2000), *as amended* (June 19, 2000); *Officers for Justice*, 688 F.2d at 625. The risks of continued litigation at the pleading stage

12

are considerable. The PSLRA made the pleading stage of securities litigation a "technical and demanding corner of the law." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The Complaint had not yet advanced to Defendants' motion to dismiss, and there are distinct risks here to protracted litigation. *Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *13 (N.D. Cal. Dec. 18, 2018), *aff'd sub nom. Hefler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020) ("Courts have recognized that, in general, securities actions are highly complex and that securities class litigation is notably difficult and notoriously uncertain.").

Dada denies any wrongdoing and would present a multi-pronged defense which they previewed in their mediation submission. Plaintiffs and Lead Counsel believe that the case has merit, but recognize the significant risk and expense that would be necessary to prosecute Plaintiffs' claims successfully through the motion to dismiss, class certification, discovery, summary judgment, trial, and subsequent appeals, as well as the difficulties and delays inherent in complex litigation. *In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 612 (S.D. Cal. 2008) (preliminarily approving settlement where "[l]iability remains uncertain" as "it appears to the Court that plaintiffs have a viable claim regarding the alleged securities fraud and Defendants have a viable defense against such claims"); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1172 (S.D. Cal. 2007) (approving settlement, "the Court also recognizes that the issues of scienter and causation are complex and difficult to establish at trial.").

Proving loss causation and damages would also be risky, complicated, and uncertain, involving conflicting expert testimony. *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 260–61 (D.N.H. 2007) ("Proving loss causation would be complex and difficult. Moreover, even if the jury agreed to impose liability, the trial would likely involve a 'battle of the experts' over damages."); *Salazar v.*

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

*Midwest Servicing Grp., Inc.*, 2018 WL 3031503, at \*6 (C.D. Cal. June 4, 2018) (a settlement agreement's elimination of risk, delay, and further expenses weighs in favor of approval).

Even if Plaintiffs defeated Defendant's motion to dismiss, continued litigation would be complex, uncertain, costly, and lengthy. Further litigation would require extensive document discovery in Chinese, depositions of numerous witnesses both here and abroad, submitting expert reports and testimony, overcoming motions for summary judgment, and an expensive and risky trial. Any favorable judgment for the Settlement Class would be subject to post-trial motions and appeal, which could prolong the case for years without certainty of the outcome. The Settlement, however, provides a favorable, immediate and guaranteed recovery, eliminating the risk, delay, and expense of continued litigation. While a greater recovery might be a theoretical possibility, evaluating the benefits of settlement must be tempered by recognizing that any compromise involves concessions on the part of all parties. "The very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice*, 688 F.2d at 624.

As Defendants are China-based, this case posed additional risks. First, discovery would be more costly and lengthy than if Defendants were located in the United States. Chinese government officials would have to review documents prior to production, documents would need to be translated, and Defendants would need to cooperate with scheduling depositions as they are not permitted on Mainland China. Further, it is possible that Dada and JD would cease to engage in the litigation and thus, Dada investors would have no source of recovery. Lastly, even if Plaintiffs obtained a judgment, it would be next to impossible to enforce a U.S. judgment in China as there is no agreement between the countries recognizing each other's judgments or reciprocity.

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

The Settlement resulted from balancing the risks, costs, and delay inherent in complex cases. The benefits created by the Settlement weigh heavily in favor of granting the motion for preliminary approval. Considering the risks of continued litigation, the $4,800,000 Settlement is a reasonable and adequate recovery that is in the Settlement Class's best interests.

### 2. Risk of Maintaining Class Action Status Through Trial

The Settlement was reached before Plaintiffs moved for class certification. While Plaintiffs believe that class certification would be appropriate (*see* §III, *supra*), it cannot be assured, and Defendants could attempt to alter or amend a class certification order. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1041 (N.D. Cal. 2008) ("there is no guarantee the [class] certification would survive through trial, as Defendants might have sought decertification or modification of the class"). "While this may not be a particularly weighty factor, on balance it somewhat favors approval of the proposed Settlement." *In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491, 507 (W.D. Pa. 2003).

### D. The Remaining Rule 23(e)(2)(C) Factors Support Approval

Rule 23(e)(2)(C)(ii)-(iv) requires courts to consider whether the relief provided for the class is adequate. These factors support approving the Settlement.

### 1. The Methods of Distributing Relief and Processing Claims

The method for distributing relief to eligible claimants and for processing Settlement Class Members' claims includes standard and effective procedures for processing claims and efficiently distributing the Net Settlement Fund. Plaintiffs request that the Court appoint Strategic Claims Services ("SCS") as Claims Administrator. If SCS is appointed it will, under Lead Counsel's guidance, process claims, allow Claimants an opportunity to cure any deficiencies or request the Court to review a denial of their Claim(s), and pay Authorized Claimants their *pro rata* share of the Net Settlement Fund pursuant to the Plan of Allocation ("Plan") set

15

forth in the Long Notice. The method proposed here is both effective and necessary, as neither Plaintiffs nor Defendants possess the individual investor trading data required for a process to distribute the Net Settlement Fund.

### 2.     Proposed Attorneys' Fees

The Notice explains that Lead Counsel will apply for attorneys' fees not to exceed one-third of the Settlement, or $1,600,000. Although Lead Counsel will make a separate application for attorneys' fees and expenses, to be heard by the Court during the final approval hearing, the maximum amount of fees that Plaintiffs will seek as described in the proposed Notice is reasonable and consistent with the fees awarded in similar actions in this Circuit. *E.g., Mego*, 213 F.3d at 463 (affirming fee award of one-third of $1.725 million settlement); *Cheng Jiangchen v. Rentech, Inc.*, 2019 WL 5173771, at *10 (C.D. Cal. Oct. 10, 2019) (awarding one-third of $2,050,000 settlement fund prior to decision on motion to dismiss); *In re Audioeye, Inc., Sec. Litig.*, 2017 WL 5514690, at *4 (D. Ariz. May 8, 2017) (awarding fees of one-third of $1,525,000 settlement). Lead Counsel will receive no payment until after the Court issues an order awarding attorneys' fees following the Settlement Hearing.[5]

### 3.     Other Agreements

The Parties also executed a standard supplemental agreement providing that if Settlement Class Members opt out such that the number of shares held by those persons opting out reaches a certain threshold, Dada and JD may terminate the Settlement. Stipulation ¶10.3. The terms of the supplemental agreement are kept confidential to avoid incentivizing Settlement Class Members to opt out solely to

---

[5] Lead Counsel intend to apply for an award of attorneys' fees as a percentage of the Settlement concurrently with Plaintiffs' motion for final approval. Although Lead Counsel will continue to provide services to the Settlement Class beyond that time, they will seek no additional compensation.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

leverage the threshold to exact an individual settlement, and does not detract from the fairness of the Settlement. *Hefler v. Wells Fargo & Co.*, 2018 WL 4207245, at *11 (N.D. Cal. Sept. 4, 2018) ("[A] termination option triggered by the number of class members who opt out of the Settlement does not by itself render the Settlement unfair."); *Christine Asia Co. v. Yun Ma*, 2019 WL 5257534, at *15 (S.D.N.Y. Oct. 16, 2019) ("This type of agreement is standard in securities class action settlements and has no negative impact on the fairness of the Settlement.").

### E.    The Proposed Settlement Does Not Unjustly Favor Any Settlement Class Member, Including Plaintiffs

Courts must evaluate whether the settlement treats class members equitably relative to one another. Fed. R. Civ. P. 23(e)(2)(D). The Settlement offers no preferential treatment to any Settlement Class Member, including Plaintiffs. The Plan in the Long Notice provides for distribution of the Net Settlement Fund to Authorized Claimants who suffered losses on their transactions in Dada ADS during the Settlement Class Period, based on when each investor purchased, acquired, and/or sold Dada ADS. The Plan was developed by Lead Counsel after consulting with SCS and Plaintiffs' damages expert. All Settlement Class Members' recoveries will be based upon the relative losses they sustained.

Plaintiffs will receive a *pro rata* distribution from the Net Settlement Fund per the Plan, just like all other Settlement Class Members.. *Radient Pharms.,* 2014 WL 1802293, at *5 ("A settlement in a securities class action case can be reasonable if it 'fairly treats class members by awarding a pro rata share to every Authorized Claimant, but also sensibly makes interclass distinctions based upon, *inter alia*, the relative strengths and weaknesses of class members' individual claims and the timing of purchases of the securities at issue.'").

Plaintiffs will also seek reimbursement of costs incurred representing the Settlement Class, as authorized by the PSLRA. *Mego*, 213 F.3d at 454 (affirming

17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

reimbursement to class representative in securities class action settlement). Such awards will be part of the future application for attorneys' fees and expenses, but Plaintiffs submit that the maximum amount of awards requested (as provided in the Notice) is reasonable based on the amount of time Plaintiffs have expended in service of the Settlement Class's interests.

### F.    The Remaining Ninth Circuit Factors Favor Approval

In *Hanlon*, 150 F.3d 1011, the Ninth Circuit identified additional factors not co-extensive with Rule 23(e)(2). These factors support preliminary approval.

### 1.    The Amount Offered in Settlement

"To evaluate the adequacy of the settlement amount, courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *Hefler*, 2018 WL 4207245, at *9. The adequacy of the amount offered in settlement must be judged "not in comparison with the possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of plaintiffs' case." *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 762 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987); *Vikram v. First Student Mgmt., LLC*, 2019 WL 1084169, at *3 (N.D. Cal. Mar. 7, 2019) ("This determination requires evaluating the relative strengths and weaknesses of the plaintiffs' case"). Evaluation of a settlement must recognize that parties must make compromises to reach an agreement. *Officers for Justice*, 688 F.2d at 624.

The $4,800,000 Settlement Amount is reasonable and warrants preliminary approval. The Settlement recovers approximately 13.7% of the maximum estimated damages of $34,900,000 under Plaintiffs' best-case scenario, as estimated by Plaintiffs' damages expert. This best-case scenario assumes that: (i) Plaintiffs are able to succeed on a motion to dismiss, at summary judgment, and at trial; (ii) the Court certifies the same class period as the Settlement Class Period; and (iii) the Court and jury accept Plaintiffs' damages theory, including proof of loss causation

18

for the multi-day alleged decline in ADS price. Anything less than a complete victory would decrease, or potentially eliminate, recoverable damages.

The percentage of maximum damages recovered here falls well within the range of other securities class action settlements with similar total damages. *In re Regulus Therapeutics Inc. Sec. Litig.*, 2020 WL 6381898, at *6 (S.D. Cal. Oct. 30, 2020) (approving 1.99% recovery); *Officers for Justice*, 688 F.2d at 628 ("It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair."). *See also, In re Snap Sec. Litig.,* 2021 WL 667590, at *1 (C.D. Cal. Feb. 18, 2021) (settlement represented "approximately 7.8% of the class's maximum potential aggregate damages, which is similar to the percent recovered in other court-approved securities settlements"); *Kendall v. Odonate Therapeutics, Inc.,* 2022 WL 1997530, at *6 (S.D. Cal. June 6, 2022) (recovering 3.49% of damages). Moreover, according to Cornerstone Research, between 2014-2022 the median recovery in cases such as this one alleging Rule 10b-5 claims with $25-74 million in maximum estimated damages was approximately 8.3% of maximum estimated damages. Laarni T. Bulan, *et al.*, *Securities Class Action Settlements: 2023 Review and Analysis* (Cornerstone Research), at 6 (Fig. 5).[6]  Between 2019-2023, securities class actions that settled before the filing of a motion to dismiss recovered a median of 5.5% of estimated damages. *Id*. at 15 (Fig. 13). Approximately 23% of securities class actions settled for less than $5 million in 2023 and 2022, and that figure was 31% for 2014-2022. *Id*. at 4 (Fig. 3).

---

[6]  *Available* at https://www.cornerstone.com/Publications/Reports/Securities-Class-Action-Settlements-2023-Review-and-Analysis.

19

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

## 2.    The Extent of Discovery and Stage of Proceedings

In considering a class action settlement, courts look for indications that the parties carefully investigated the claims before reaching a resolution. *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2016 WL 6248426, at \*13-\*14 (N.D. Cal. Oct. 25, 2016) (discovery is "not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement").

Lead Counsel conducted an extensive investigation of the claims asserted in this Action, including: (i) reviewing Dada's SEC filings, press releases, conference calls, and other public statements during the Settlement Class Period; (ii) reviewing public documents, reports (including research reports by securities and financial analysts), announcements, and news articles concerning Dada in both English and Chinese sources ); (iv) retaining an investigator in China to interview former Dada employees and other knowledgeable third parties independently; and (v) consulting a damages expert and an accounting expert.

Lead Counsel's efforts allowed them to make an informed assessment of the strengths and weaknesses of this Action, essential to recommending to Plaintiffs whether to settle on behalf of the Settlement Class. Reviewing Defendants' mediation statement and negotiating the Settlement during the mediation further informed Lead Counsel about the strengths and weaknesses of the case. As a result, Plaintiffs and Lead Counsel had a sufficient understanding of the merits and weaknesses of this Action and the reasonableness of the Settlement.

## 3.    Experienced Counsel's Recommendations

Courts also give weight to the opinion of experienced and informed counsel supporting the settlement. *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

underlying litigation"). Lead Counsel have extensive securities litigation experience and obtained a thorough understanding of the merits and risks of the Action. Lead Counsel's support for the reasonableness of this Settlement supports preliminary approval. Dada and JD are represented by experienced and skilled securities practitioners at Skadden, Arps, Meagher & Flom LLP who were as well-informed regarding the case, and their representation of Settling Defendants was equally vigorous. The fact that experienced and informed counsel recommended the Settlement supports preliminary approval.

## V. THE COURT SHOULD APPROVE THE NOTICE PLAN

**The Notice Plan is Adequate:** Rule 23(e) requires that notice of the Settlement be provided to Settlement Class Members in such manner as the Court directs. The proposed Notice Plan includes: (1) emailing links to the Long Notice and Claim Form, or if no email address can be obtained, mailing the Postcard Notice, to Settlement Class Members who can be identified with reasonable effort; (2) posting the Long Notice, Claim Form, and Stipulation on a Settlement website maintained by SCS; (3) allowing Settlement Class Members to submit their claims electronically at the Settlement website; and (4) publishing the Summary Notice over *GlobeNewswire* and in *Investor's Business Daily.*

Courts routinely find these methods of notice sufficient. "The use of a combination of a mailed post card directing class members to a more detailed online notice has been approved by courts." *In re Advanced Battery Techs., Inc. Sec. Litig.,* 298 F.R.D. 171, 183 n.3 (S.D.N.Y. 2014) (citing cases); *Baker v. SeaWorld Ent., Inc.,* 2020 WL 818893, at *2–*3 (S.D. Cal. Feb. 19, 2020) (approving similar notice program). Defendants will also provide notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 *et seq.* Stipulation ¶5.5.

**The Notice is Adequate:** As required by Rule 23(c)(2), the Notice will inform Settlement Class Members of the claims alleged in the Action, the terms of

21

the Settlement, and the right of Settlement Class Members to opt out or object to the Settlement, Plan, and/or the proposed attorneys' fees and expenses. The Ninth Circuit has held that "[n]otice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009). Moreover, the proposed notice program satisfies due process because it includes both individual notice and general publication. *See, e.g., In re Marsh & McLennan Companies, Inc. Sec. Litig.*, 2009 WL 5178546, at *23–24 (S.D.N.Y. Dec. 23, 2009).

The proposed Long Notice includes all of the information required by the PSLRA, Federal Rules of Civil Procedure, and due process. The proposed Long Notice provides, in plain wording: (a) the rights of Settlement Class Members, including the manner in which they may lodge objections or request exclusion and instructions on how to complete and submit a Claim Form to the Claims Administrator; (b) the nature, history, progress, and status of the litigation; (c) the proposed Settlement; (d) the process for filing a Claim Form; (e) a description of the proposed Plan; (f) the maximum attorneys' fees and expenses and award to Plaintiffs to be sought by Lead Counsel; (g) the definition of the Settlement Class; (h) the reasons the Parties have proposed the Settlement; (i) the estimated distribution per damaged ADS; (j) the Settlement Class's claims and issues; (k) the Parties' disagreement over damages and liability; (l) contact information for all counsel and the Court; and (m) the time, date, and location of the Settlement Hearing. *See* 15 U.S.C. § 78u-4(a)(7)(A)-(F).

Rule 23(h)(1) requires that "[n]otice of the motion [for attorneys' fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1). The Notice alerts Settlement Class Members that Lead Counsel will apply to the Court for attorneys' fees of up

22

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

to one-third of the Settlement Amount, reimbursement of expenses of up to $95,000, and an award to Plaintiffs of up to $15,000 in total, all to be paid from the Settlement Fund. Accordingly, the Notice Plan and the Notice each satisfy the requirements of the Federal Rules of Civil Procedure, the PSLRA, and due process.

## VI.    PROPOSED SCHEDULE OF EVENTS

Plaintiffs respectfully propose the following schedule as set forth in the Preliminary Approval Order, paragraphs of which are referenced in the chart:

| Event | Deadline for Compliance |
|---|---|
| Date for the Settlement Hearing | At least 100 days from Preliminary Approval Order (¶6) |
| Emailing links of the Long Notice and Claim Form to Settlement Webpage/Mailing the Postcard Notice | Within 20 days following from Preliminary Approval Order (¶14) |
| Posting the Stipulation, Preliminary Approval Order, Long Notice, Postcard Notice, and Claim Form on the Settlement website | Within 16 days following entry of the from Preliminary Approval Order (¶17) |
| Summary Notice Publication | Within 10 days from emailing links to Long Notice and Claim Form/Mailing Postcard Notice (¶18) |
| Plaintiffs to file papers in support of the Settlement, the Plan, and motion for attorneys' fees and expenses | No later than 28 days prior to Settlement Hearing (¶29) |
| Deadline for requests for exclusion and for objections | No later than 21 days prior to Settlement Hearing (¶¶22, 26) |
| Deadline for Claim Forms | No later than 30 days prior to Settlement Hearing (¶20(a)) |
| Plaintiffs to file reply papers in support of the Settlement, the Plan, and application for attorneys' fees and expenses | No later than 14 days prior to Settlement Hearing (¶30) |

23

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

## VII.   CONCLUSION

For the foregoing reasons, the Court should grant this Unopposed motion and enter the proposed Preliminary Approval Order.

Respectfully submitted,

Dated: October 14, 2024

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Emails: philkim@rosenlegal.com

Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Jing Chen (*pro hac vice*)
Gonen Haklay (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Emails: jchen@rosenlegal.com
ghaklay@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

24

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

## CERTIFICATE OF COMPLIANCE WITH LR 11-6.2

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 6,894 words, which complies with the word limit of L.R. 11-6.1.

Date: October 14, 2024

*/s/Phillip Kim*
Phillip Kim

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM

## CERTIFICATE OF SERVICE

I, Phillip Kim, hereby declare under penalty of perjury as follows:

I am a partner in The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On October 14, 2024, I electronically filed the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on October 14, 2024.

/s/Phillip Kim

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, No. 2:24-cv-00239-SVW-BFM