Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

[*Additional Counsel on Signature Page*]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAN WANG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DADA NEXUS LIMITED, JEFF HUIJIAN HE, BECK ZHAOMING CHEN, LAURA MARIE BUTLER, BAOHONG SUN, JIAN HAN, AND JD.COM, INC.<br><br>Defendants. | Case No. 2:24-cv-00239-SVW-BFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS**<br><br><u>CLASS ACTION</u><br><br>Date:        March 17, 2025<br>Time:        1:30 p.m.<br>Courtroom: 10A<br>Judge: Hon. Stephen V. Wilson |

# TABLE OF CONTENTS

I.   INTRODUCTION.................................................................................................. 1

II.  CASE BACKGROUND ....................................................................................... 3

III. THE COURT SHOULD AWARD ATTORNEYS' FEES OF 25% OF THE SETTLEMENT FUND ....................................................................................... 3

    A.   Lead Counsel is Entitled to a Fee Award from the Common Fund They Secured for the Settlement Class ................................................................ 3

    B.   The Court Should Award Lead Counsel a Reasonable Percentage of the Common Fund ............................................................................................ 4

    C.   The Requested Attorneys' Fees are Reasonable and Merited ................. 5

        1.   Lead Counsel Secured a Substantial Recovery for the Settlement Class .......................................................................................... 5

        2.   The Risks and Complexity of the Litigation Support the Requested Fee Amount ...................................................................................... 7

        3.   Lead Counsel Skillfully Managed This Case Against Formidable Adversaries .................................................................................... 9

        4.   Lead Counsel Undertook a Significant Financial Risk.................. 10

        5.   Fee Awards Granted in Similar Cases Further Support an Award of 25% of the Settlement Fund .......................................................... 11

        6.   The Settlement Class's Reaction Supports the Requested Fee ....... 13

IV. LEAD COUNSEL'S EXPENSES WERE REASONABLE AND NECESSARY TO ACHIEVE THE BENEFIT OBTAINED ......................... 16

V.   THE COURT SHOULD APPROVE THE AWARD TO PLAINTIFFS........ 17

VI. CONCLUSION.............................................................................................. 19

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alaska Elec. Pension Fund v. Flowserve Corp.*,
572 F.3d 221 (5th Cir. 2009).................................................................... 8

*Arp v. Hohla & Wyss Enterprises, LLC*,
2020 WL 6498956 (S.D. Ohio Nov. 5, 2020)............................................ 15

*Baker v. SeaWorld Ent., Inc.*,
2020 WL 4260712 (S.D. Cal. July 24, 2020)............................................ 15

*Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431 (E.D. Cal. 2013) ........ 13

*Blum v. Stenson*,
465 U.S. 886 (1984) ............................................................................. 4, 13

*Boyd v. Bank of Am. Corp.*,
2014 WL 6473804 (C.D. Cal. Nov. 18, 2014)........................................... 12

*Brown v. China Integrated Energy Inc.*,
2016 WL 11757878 (C.D. Cal. July 22, 2016) .......................................... 18

*Christine Asia Co. v. Yun Ma*,
2019 WL 5257534 (S.D.N.Y. Oct. 16, 2019) ........................................... 10

*Chun-Hoon v. McKee Foods Corp.*,
716 F. Supp. 2d 848 (N.D. Cal. 2010) ..................................................... 14

*City of Providence v. Aeropostale, Inc.*,
2014 WL 1883494 (S.D.N.Y. May 9, 2014).............................................. 11

*Craft v. Cnty. of San Bernardino*,
624 F. Supp. 2d 1113 (C.D. Cal. 2008)................................................ 15, 16

*Dura Pharms., Inc. v. Broudo*,
544 U.S. 336 (2005) ................................................................................. 8

*Dyer v. Wells Fargo Bank, N.A.*,
303 F.R.D. 326 (N.D. Cal. 2014) .............................................................. 18

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM)

*Eminence Cap., LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003)............................................................... 2

*Feller v. Transamerica Life Ins. Co.*,
    2019 WL 6605886 (C.D. Cal. Feb. 6, 2019)........................................... 16

*Gustafson v. Valley Ins. Co.*,
    2004 WL 2260605 (D. Or. Oct. 6, 2004) ................................................ 13

*Harris v. Marhoefer*,
    24 F.3d 16 (9th Cir. 1994).................................................................... 17

*HCL Partners Ltd. P'ship v. Leap Wireless Int'l, Inc.*,
    2010 WL 4156342 (S.D. Cal. Oct. 15, 2010) .......................................... 15

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ............................................................................. 5

*In re Activision Sec. Litig.*,
    723 F. Supp. 1373 (N.D. Cal. 1989) ....................................................... 4

*In re Am. Apparel, Inc. S'holder Litig.*,
    2014 WL 10212865 (C.D. Cal. July 28, 2014) .................................. 5, 9, 11

*In re Amgen Inc. Sec. Litig.*,
    2016 WL 10571773 (C.D. Cal. Oct. 25, 2016) ....................................... 15

*In re Apollo Grp. Inc. Sec. Litig.*,
    2012 WL 1378677 n2 (D. Ariz. Apr. 20, 2012)....................................... 15

*In re Audioeye, Inc., Sec. Litig.*,
    2017 WL 5514690 (D. Ariz. May 8, 2017)............................................. 12

*In re BP p.l.c. Sec. Litig.*,
    852 F. Supp. 2d 767 (S.D. Tex. 2012) ..................................................... 8

*In re Brooktree Sec. Litig.*,
    915 F. Supp. 193 (S.D. Cal. 1996) .......................................................... 4

*In re Facebook, Inc. IPO Sec. & Deriv. Litig.*,
    2015 WL 6971424 (S.D.N.Y. Nov. 9, 2015) .......................................... 16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) .......................................... 7, 11

*In re Heritage Bond Litig.*,
2005 WL 1594389 (C.D. Cal. June 10, 2005) ....................................... 7, 10

*In re Heritage Bond Litig.*,
2005 WL 1594403 (C.D. Cal. June 10, 2005) ................................. 6, 10, 13

*In re HP Inkjet Printer Litig.*,
716 F.3d 1173 (9th Cir. 2013)........................................................................ 5

*In re Immune Response Sec. Litig.*,
497 F. Supp. 2d 1166 (S.D. Cal. 2007) .................................................. 14, 17

*In re IsoRay, Inc. Sec. Litig.*,
2017 WL 11461073 (E.D. Wash. Mar. 7, 2017)........................................ 12

*In re LJ Int'l, Inc. Sec. Litig.*,
2009 WL 10669955 (C.D. Cal. Oct. 19, 2009) ................................... 6, 8, 17

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000)........................................................................ 12

*In re Nuvelo, Inc. Sec. Litig.*,
2011 WL 2650592 (N.D. Cal. July 6, 2011) .............................................. 12

*In re Omnivision Techs., Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2008) ............................................... passim

*In re Pac. Enterprises Sec. Litig.*,
47 F.3d 373 (9th Cir. 1995)..................................................................... 7, 11

*In re Regulus Therapeutics Inc. Sec. Litig.*,
2020 WL 6381898 (S.D. Cal. Oct. 30, 2020) .............................................. 6

*In re Snap Sec. Litig.*,
2021 WL 667590 (C.D. Cal. Feb. 18, 2021)................................................ 6

*In re Stable Rd. Acquisition Corp.*,
2024 WL 3643393 (C.D. Cal. Apr. 23, 2024)................................... 4, 5, 15

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM

*In re Sumitomo Copper Litig.*,
189 F.R.D. 274 (S.D.N.Y. 1999)....................................................................... 14

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
535 F. Supp. 2d 249 (D.N.H. 2007) ................................................................. 15

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
19 F.3d 1291 (9th Cir. 1994)........................................................ 3, 4, 10, 13

*Int'l Bhd. of Elec. Workers Loc. 697 Pension Fund v. Int'l Game Tech., Inc.*,
2012 WL 5199742 (D. Nev. Oct. 19, 2012)...................................................... 6

*Jenson, v. First Tr. Corp.*,
2008 WL 11338161 (C.D. Cal. June 9, 2008) ................................................. 18

*Jiangchen v. Rentech, Inc.*,
2019 WL 5173771 (C.D. Cal. Oct. 10, 2019) ................................................... 9

*Johnson v. US Auto Parts Network, Inc.*,
2008 WL 11343481 (C.D. Cal. Oct. 9, 2008) ................................................... 7

*Katz v. China Century Dragon Media, Inc.*,
2013 WL 11237202 (C.D. Cal. Oct. 10, 2013) ........................................ 13, 17

*Kendall v. Odonate Therapeutics, Inc.*,
2022 WL 1997530 (S.D. Cal. June 6, 2022) ..................................................... 6

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015)............................................................. 9

*Lopez v. First Student, Inc.*,
2022 WL 618973 (C.D. Cal. Feb. 8, 2022)..................................................... 15

*Lopez v. Youngblood*,
2011 WL 10483569 (E.D. Cal. Sept. 2, 2011) .................................................. 4

*Luna v. Marvell Tech. Grp.*,
2018 WL 1900150 (N.D. Cal. Apr. 20, 2018) ................................................. 17

*Mauss v. NuVasive, Inc.*,
2018 WL 6421623 (S.D. Cal. Dec. 6, 2018) ................................................... 12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM

*McPhail v. First Command Fin. Plan., Inc.*,
  2009 WL 839841 (S.D. Cal. Mar. 30, 2009)................................................ 6

*Millan v. Cascade Water Servs., Inc.*,
  2016 WL 3077710 (E.D. Cal. May 31, 2016)............................................. 13

*Morris v. Lifescan, Inc.*,
  54 F. App'x 663 (9th Cir. 2003) ................................................................. 12

*Ontiveros v. Zamora*,
  303 F.R.D. 356 (E.D. Cal. 2014) ............................................................... 16

*Pace v. Quintanilla*,
  2014 WL 4180766 (C.D. Cal. Aug. 19, 2014)............................................. 9

*Patel v. Axesstel, Inc.*,
  2015 WL 6458073 (S.D. Cal. Oct. 23, 2015) ............................................ 12

*Paul, Johnson, Alston & Hunt v. Graulty*,
  886 F.2d 268 (9th Cir. 1989)....................................................................... 3

*Rausch v. Hartford Fin. Servs. Grp.*,
  2007 WL 671334 (D. Or. Feb. 26, 2007)................................................... 13

*Razilov v. Nationwide Mut. Ins. Co.*,
  2006 WL 3312024 (D. Or. Nov. 13, 2006)........................................... 13, 19

*Redwen v. Sino Clean Energy, Inc.*,
  2013 WL 12303367 (C.D. Cal. July 9, 2013) .............................................. 7

*Robbins v. Koger Properties, Inc.*,
  116 F.3d 1441 (11th Cir. 1997)................................................................. 11

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009)..................................................................... 18

*Sawant v. Ramsey*,
  2012 WL 3265020 (D. Conn. Aug. 9, 2012) ............................................. 11

*Schneider v. Champignon Brands Inc.*,
  2023 WL 11944374 (C.D. Cal. Feb. 28, 2023)......................................... 12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM

*Singer v. Becton Dickinson & Co.*,
  2010 WL 2196104 (S.D. Cal. June 1, 2010)............................................... 12

*Steiner v. Am. Broad. Co.*,
  248 F. App'x 780 (9th Cir. 2007)................................................................ 16

*Szymborski v. Ormat Techs., Inc.*,
  2012 WL 4960098 (D. Nev. Oct. 16, 2012)................................................ 12

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007) ..................................................................................... 3

*Todd v. STAAR Surgical Co.*,
  2017 WL 4877417 (C.D. Cal. Oct. 24, 2017) ............................................. 18

*Union Asset Mgmt. Holding A.G. v. Dell, Inc.*,
  669 F.3d 632 (5th Cir. 2012)........................................................................ 5

*Vandervort v. Balboa Cap. Corp.*,
  8 F. Supp. 3d 1200 (C.D. Cal. 2014)........................................................... 13

*Vincent v. Hughes Air W., Inc.*,
  557 F.2d 759 (9th Cir. 1977)........................................................................ 3

*Vinh Nguyen v. Radient Pharms. Corp.*,
  2014 WL 1802293 (C.D. Cal. May 6, 2014) ................................................ 9

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002).............................................................. 4, 5, 7

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
  396 F.3d 96 (2d Cir. 2005)........................................................................... 4

*Yedlowski v. Roka Bioscience, Inc.*,
  2016 WL 6661336 (D.N.J. Nov. 10, 2016)................................................... 8

**Statutes**

15 U.S.C. § 78u-4(a)(4).................................................................................. 17

15 U.S.C. § 78u-4(a)(6).................................................................................... 5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM)

**Other Authorities**

H.R. Conf. Rep. No. 369, 104th Cong., 1st Sess. 35 (1995).......................... 18

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM)

Lead Plaintiff Senthil Subramanian ("Subramanian") and named plaintiff Yan Wang ("Wang" and with Subramanian, "Plaintiffs") submit this memorandum in support of their Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Award to Plaintiffs.[1]

## I.  INTRODUCTION

Plaintiffs and Dada Nexus Limited ("Dada") and JD.com, Inc. ("JD" and with Dada, "Defendants") reached a Settlement to resolve this Action for $4,800,000 ("Settlement"). The Parties agreed to the Settlement after informed, arm's-length negotiations with the aid of the Honorable S. James Otero (Ret.), a mediator at JAMS, who issued a mediator's proposal. (Ex. 2, Otero Decl.).

The Settlement recovers approximately 13.7% of the maximum estimated damages under Plaintiffs' best-case scenario at an early stage of the case. The Settlement is a highly favorable result for Settlement Class Members despite of the significant risks and several obstacles Plaintiffs faced, including an anticipated motion to dismiss, Defendants' potential defenses, the availability of evidence from Defendants and witnesses based in China, the risks of prosecuting this litigation through trial, and the danger that Plaintiffs would not be able to obtain a larger sum if litigation were to continue given the difficulties of enforcing judgments in China

Having achieved this significant recovery for the Settlement Class, Lead Counsel seeks an award of attorneys' fees of 25% of the Settlement Amount, or $1,200,000, reimbursement of expenses incurred of $57,907.03, and awards to

---

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Stipulation of Settlement ("Stipulation") (Dkt. 59). Citations to "Chen Decl." or "¶__" are to the Declaration of Jing Chen. Citations to "Ex. ___" are to exhibits to the Chen Decl. Citations to "Bravata Decl." are to the Declaration of Josephine Bravata (Ex. 1). Citations to "Final Approval Brief" are to the Memorandum of Points and Authorities in support of Plaintiffs' Final Approval of Settlement, Plan of Allocation, and Final Certification of Settlement Class, filed herewith.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM)

Plaintiffs of $15,000 in total ($10,000 for Subramanian and $5,000 for Wang), to be paid from the Settlement Fund.

Litigants who create a common fund for the benefit of a class are entitled to an award of attorneys' fees and reimbursement of expenses from the common fund. In the Ninth Circuit, courts typically grant attorneys' fees as a percentage of the common fund. The main factors courts consider in setting the percentage award are the quality of the result, the risk undertaken, and the reaction of the settlement class. Here, each of these factors weighs in favor of awarding Lead Counsel attorneys' fees of 25% of the Settlement Amount.

In obtaining this result, Lead Counsel took on substantial risk. The Private Securities Litigation Reform Act of 1995 ("PSLRA") imposes several procedural obstacles to alleging securities fraud, and its pleading standards in particular are "not [] easy [] to comply with," *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Despite the risks this litigation entailed, Lead Counsel secured a highly favorable recovery for the Settlement Class at an early stage of the litigation.

The Settlement Class approves of Lead Counsel's work. Objections are not due until February 24, 2025, but to date, no Settlement Class Member has objected to the Settlement or the fees or expenses request, as previewed in the Notice sent to potential Settlement Class Members (which stated that Lead Counsel would request fees of up to one-third of the Settlement Amount, higher than Lead Counsel's actual request here). ¶40; Bravata Decl., ¶16. Additionally, there have been no requests for exclusion from Settlement Class Members. *Id.*, ¶15.

Lead Counsel also seeks reimbursement of out-of-pocket litigation expenses incurred in connection with the prosecution of this action in the amount of $57,907.03. These expenses, including court filings fees, expert fees, investigator fees, mediation fees, travel expenses, and administrative expenses, were reasonable and necessary for the successful prosecution of the Action.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM

Finally, Plaintiffs seek awards of $15,000 in total, for their time spent in fulfilling their obligations in the Action. This request is reasonable in light of the time Plaintiffs spent in connection with this Action on behalf of the Settlement Class and is in line with awards granted in similar actions.

## II.   CASE BACKGROUND

A summary of Plaintiffs' allegations, the procedural history of this Action, and the events leading to the Settlement are set forth in the Final Approval Brief, Section II.

## III.   THE COURT SHOULD AWARD ATTORNEYS' FEES OF 25% OF THE SETTLEMENT FUND

### A.   Lead Counsel is Entitled to a Fee Award from the Common Fund They Secured for the Settlement Class

"[A] private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977). The purpose of this doctrine is to avoid unjust enrichment. "[T]hose who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("*WPPSS*"). "The amount of such a reward is that which is deemed 'reasonable' under the circumstances." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989).

Reasonable fee awards are necessary in securities class actions. The Supreme Court has "long recognized that meritorious private actions to enforce federal antifraud securities laws are an essential supplement to criminal prosecutions and civil enforcement actions brought [] by the Department of Justice and the Securities and Exchange Commission." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 313 (2007); *Halliburton Co. v. Erica P. John Fund, Inc.*, No. 13-317, Brief for the United States as Amicus Curiae Supporting Respondent, at 1-2. *Tellabs* and *Halliburton* were

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM)

both class actions alleging securities fraud. Attorneys' fee awards were necessary to provide incentives for private lawyers to file those actions, and an award is necessary and appropriate here for the same reasons.

## B.    The Court Should Award Lead Counsel a Reasonable Percentage of the Common Fund

Under the "common fund doctrine" a reasonable fee is based on "a percentage of the fund bestowed on the class." *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). Courts in the Ninth Circuit have discretion to award fees in common fund cases based on either the percentage-of-the-fund method or the "lodestar/multiplier" method. *WPPSS*, 19 F.3d at 1295-96. "Despite this discretion, use of the percentage method in common fund cases appears to be dominant." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008); *In re Stable Rd. Acquisition Corp.*, 2024 WL 3643393, at *11 (C.D. Cal. Apr. 23, 2024) (percentage approach is the "prevailing method").

Among other benefits, the percentage-of-the-fund method "aligns the interests of class counsel and the class, rather than rewarding attorneys for hours spent on cases, as the lodestar method does." *In re Brooktree Sec. Litig.*, 915 F. Supp. 193, 196 (S.D. Cal. 1996); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050, n.5 (9th Cir. 2002) (affirming 28% fee, representing 3.65 multiplier, disfavoring lodestar for incentivizing lawyers to generate more hours and not to settle early). The percentage method also "provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005). Further, the percentage method preserves judicial resources by sidestepping time-consuming lodestar analysis while saving the Settlement Class from the delays necessitated by the Court's review. *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1375 (N.D. Cal. 1989); *Lopez v. Youngblood*, 2011 WL 10483569, at *4 (E.D. Cal. Sept. 2, 2011) ("the lodestar method is difficult to apply [and] time consuming to administer.").

4

Finally, the PSLRA supports the percentage-of-the-fund approach as it provides that "[t]otal attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a ***reasonable percentage*** of the amount" recovered for the class. 15 U.S.C. § 78u-4(a)(6). "Part of the reason behind the near-universal adoption of the percentage method in securities cases is that the PSLRA contemplates such a calculation." *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 643 (5th Cir. 2012); *In re Am. Apparel, Inc. S'holder Litig.*, 2014 WL 10212865, at *20 (C.D. Cal. July 28, 2014). As such, the Court should award attorneys' fees based on the percentage-of-recovery method.

### C.      The Requested Attorneys' Fees are Reasonable and Merited

Factors that courts use to determine whether the requested percentage is fair and reasonable include: "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; (5) the reaction of the Settlement Class; and (6) awards made in similar cases." *Stable Rd.,* 2024 WL 3643393, at *12 (citing *Vizcaino*, 290 F.3d at 1048-51. Here, each of these factors supports awarding Lead Counsel attorneys' fees of 25% of the Settlement Amount.

### 1.      Lead Counsel Secured a Substantial Recovery for the Settlement Class

Courts consistently recognize that the ultimate result achieved is a major factor to be considered in making a fee award. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (finding the "most critical factor is the degree of success obtained"); *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1178 (9th Cir. 2013) (tethering fee award "to the value of the class recovery").

The $4,800,000 Settlement constitutes approximately 13.7% of Plaintiffs' maximum estimated class-wide damages of $34,900,000 under Plaintiffs' best-case scenario, as estimated by Plaintiffs' damages expert. ¶28. This best-case scenario assumes that: (i) Plaintiffs succeed on a motion to dismiss, at summary judgment, and

5

at trial; (ii) the Court certifies the same class period as the Settlement Class Period; and (iii) the Court and jury accept Plaintiffs' damages theory, including proof of loss causation for the alleged decline in stock price. The Settlement is a favorable result for Settlement Class Members, particularly in light of the considerable risks of litigation presented here. The Settlement falls well within the percentage of investor losses recovered in typical securities class action settlements. *E.g., In re Snap Sec. Litig.*, 2021 WL 667590, at *1 (C.D. Cal. Feb. 18, 2021) (settlement represented "approximately 7.8% of the class's maximum potential aggregate damages, which is similar to the percent recovered in other court-approved securities settlements"); *Omnivision*, 559 F. Supp. 2d at 1042 (approving 6% recovery of maximum damages) (citing *In re Heritage Bond Litig.*, 2005 WL 1594403, at *8–9 (C.D. Cal. June 10, 2005) (average recovery between 2% to 3%)); *In re LJ Int'l, Inc. Sec. Litig.*, 2009 WL 10669955, at *3 (C.D. Cal. Oct. 19, 2009) (4.5%); *Kendall v. Odonate Therapeutics, Inc.,* 2022 WL 1997530, at *6 (S.D. Cal. June 6, 2022) (3.49%); *In re Regulus Therapeutics Inc. Sec. Litig.*, 2020 WL 6381898, at *6 (S.D. Cal. Oct. 30, 2020) (1.99%); *Int'l Bhd. of Elec. Workers Loc. 697 Pension Fund v. Int'l Game Tech., Inc.*, 2012 WL 5199742, at *3 (D. Nev. Oct. 19, 2012) (approving settlement recovering about 3.5% of maximum damages and noting that the amount is within the median recovery in securities class actions settled in the prior few years); *McPhail v. First Command Fin. Plan., Inc.*, 2009 WL 839841, at *5 (S.D. Cal. Mar. 30, 2009) (approving settlement recovering 7% of estimated damages).

Indeed, the Settlement's recovery is larger than those in securities class actions involving damages of similar magnitude. According to Cornerstone Research, the median recovery in cases such as this one alleging Rule 10b-5 claims with maximum estimated damages between $25,000,000 and $74,000,000 was approximately 8.8% of estimated damages in 2023, and 8.3% between 2014 and 2022. (Ex. 6, Fig. 5). Between 2019-2023, securities class actions that settled before a motion to dismiss was filed

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM)

recovered a median of 5.5% of estimated damages. *Id.*, Fig. 13. Additionally, NERA Economic Consulting concluded that between January 2015 and December 2024, for cases with losses between $20,000,000 and $49,000,000, the median settlement value as a percentage of losses was 5.2%. (Ex. 7, Fig. 23). In 2024, the median recovery in securities class actions was approximately 1.2%. *Id.*, Fig. 24. Considering the extent of the recovery, as well as risks associated with continued litigation and the time and expense that would be required to prosecute the Action through a trial, the Settlement is a reasonable and adequate recovery for the Settlement Class. Thus, the recovery here compares favorably to recoveries in similar securities class action settlements, supporting the requested fee.

### 2. The Risks and Complexity of the Litigation Support the Requested Fee Amount

The risks and complexity of the litigation are important factors in determining a fee award. *See In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (fees justified "because of the complexity of the issues and the risks."); *Vizcaino*, 290 F.3d at 1048 ("Risk is a relevant circumstance"). Securities class actions are often complex, difficult to prove, and risky. *In re Heritage Bond Litig.*, 2005 WL 1594389, at *6 (C.D. Cal. June 10, 2005); *Redwen v. Sino Clean Energy, Inc.*, 2013 WL 12303367, at *6 (C.D. Cal. July 9, 2013) ("Courts experienced with securities fraud litigation, 'routinely recognize that securities class actions present hurdles to proving liability that are difficult for plaintiffs to clear.'") (quoting *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *17 (S.D.N.Y. Nov. 8, 2010)); *Johnson v. US Auto Parts Network, Inc.*, 2008 WL 11343481, at *3 (C.D. Cal. Oct. 9, 2008) ("a number of courts have commented on the difficulty and uncertainty of maintaining a securities class action."). "[T]o be successful, a securities class-action plaintiff must thread the eye of a needle made smaller and smaller over the years by judicial decree and congressional

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM)

action." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 235 (5th Cir. 2009).

Plaintiffs faced significant legal and practical risks if litigation were to continue. Plaintiffs' claims were subject to the PSLRA's stringent pleading standards. The difficulty required to defeat a motion to dismiss should be noted. As a court observed in dismissing securities claims brought against BP following the Deepwater Horizon disaster, "federal legislation and authoritative precedents have created for plaintiffs in all securities actions formidable challenges to successful pleading." *In re BP p.l.c. Sec. Litig.*, 852 F. Supp. 2d 767, 820 (S.D. Tex. 2012). "Legal precedents are continually making it more difficult to plead securities class actions," so courts have awarded higher fees in securities actions. *Yedlowski v. Roka Bioscience, Inc.*, 2016 WL 6661336, at *21 (D.N.J. Nov. 10, 2016).

To survive a motion to dismiss, Plaintiffs need to alleged each element of a §10(b) claim. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341–42 (2005) (the elements of a Rule 10b-5 claim are falsity, materiality, scienter, reliance, loss causation and damages). It is anticipated that in a motion to dismiss, Dada, in particular, would challenge scienter and assert that any false statements were not made with the requisite state of mind. Under the PSLRA, the element of scienter is particularly difficult to prove. *LJ Int'l,* 2009 WL 10669955, at *3. JD would likely contest that it faced liability for not making any false or misleading statements. Thus, there is no guarantee that the Amended Complaint would survive a motion to dismiss. Plaintiffs also faced significant risks of continued litigation beyond the pleading stage, such as obtaining class certification, conducting lengthy and expensive fact and expert discovery, surviving Defendants' anticipated motion for summary judgment, winning at trial, and defeating any post-trial motions or appeals. *See* Final Approval Brief, Section IV(C).

Moreover, the Settlement is a highly favorable result because the Defendants are located in China, presenting unique challenges both in discovery and in attempting to

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM)

collect on a potential judgment if Plaintiffs ultimately prevailed. *See* Final Approval Brief, Section IV(C) (detailing difficulties and expense of conducting discovery in China and describing risks of Chinese defendants abandoning the litigation and leaving investors with no recourse); ¶¶33-37. Accordingly, given the practical obstacles presented here, there was a substantial risk that Plaintiffs and the Settlement Class would not be able to obtain a recovery of this size, or at all, had litigation continued.

### 3. Lead Counsel Skillfully Managed This Case Against Formidable Adversaries

The skill required to litigate the case and the quality of work performed support the requested fee award. "The prosecution and management of a complex national class action requires unique legal skills and abilities. This is particularly true in securities cases because the Private Securities Litigation Reform Act makes it much more difficult for securities plaintiffs to get past a motion to dismiss." *Jiangchen v. Rentech, Inc.*, 2019 WL 5173771, at *10 (C.D. Cal. Oct. 10, 2019); *Am. Apparel,* 2014 WL 10212865, at *22 (similar).

Court-appointed Lead Counsel, The Rosen Law Firm, P.A. ("Rosen"), have amassed the skills and experience needed to prosecute this case through their considerable experience litigating and settling similar actions. ¶¶31-32; Ex. 5 (firm resume). They have shown they are ready, willing, and able to litigate. *See, e.g., Pace v. Quintanilla*, 2014 WL 4180766, at *3 (C.D. Cal. Aug. 19, 2014) ("The Rosen Law Firm has appeared before this Court several times before, and the Court is confident that it has the necessary skill and knowledge to effectively prosecute this action"); *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1165 (C.D. Cal. 2015) ("The Rosen Law Firm is "highly qualified [and] experienced" in securities class actions"); *Vinh Nguyen v. Radient Pharms. Corp.*, 2014 WL 1802293, at *9 (C.D. Cal. May 6, 2014) (noting that Rosen "took on significant risk in this case, working thoroughly and enthusiastically through extensive litigation that required significant expert involvement" to secure eve-of-trial settlement). Moreover, Rosen has

9

considerable experience litigating, and recovering for investors, against Chinese issuers. *See e.g., Christine Asia Co. v. Yun Ma*, 2019 WL 5257534, at *19 (S.D.N.Y. Oct. 16, 2019) (achieving $250 million settlement against Alibaba, with the Court stating that "[t]he quality of representation by [Rosen Law] and Defendants' counsel was high in this case . . ."); *De Schutter v. Tarena International, Inc., et al*., Case No. 1:21-cv-03502 (E.D.N.Y.); *Beltran v. SOS Limited, et al.,* Case No. 1:21-cv-07454 (D.N.J.); *Bell v. Kanzhun Limited, et al*., Case No. 2:21-cv-13543 (D.N.J.); *Rupp, et al., v. Momo, Inc., et al.,* Case No. 1:19cv-04433 (S.D.N.Y.). Rosen applied the same skill, experience, and determination in litigating this Action to a favorable resolution for the Settlement Class.

"[T]he quality of opposing counsel is [also] important in evaluating the quality of Plaintiff's counsel's work." *Heritage Bond*, 2005 WL 1594403, at *20. Here, Defendants retained Skadden, Arps, Meagher & Flom LLP, one of the world's premier law firms with an exemplary securities practice. Defense Counsel are talented and experienced securities practitioners who advocated forcefully for their clients. ¶12. That Lead Counsel achieved a favorable Settlement in the face of such formidable opposition weighs in favor of the requested fee.

### 4.      Lead Counsel Undertook a Significant Financial Risk

The risk of receiving little or no recovery is a major factor in awarding attorneys' fees. *See WPPSS*, 19 F.3d at 1299; *Heritage Bond*, 2005 WL 1594389, at *14 ("The risks assumed by Class Counsel, particularly the risk of non-payment or reimbursement of expenses, is a factor in determining counsel's proper fee award.").

Contingency fee risk is not illusory. In many cases, plaintiffs' attorneys invest thousands of hours and receive no remuneration despite their diligence and expertise. Since the PSLRA was enacted, a high percentage of securities cases have been dismissed at the pleading stage. The risks, however, do not end at the motion to dismiss stage. In fact, even when a plaintiff is successful at trial, payment is not guaranteed.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM)

*See Robbins v. Koger Properties, Inc.*, 116 F.3d 1441 (11th Cir. 1997) (jury verdict of $81 million for plaintiffs against an accounting firm reversed on appeal on loss causation grounds and judgment entered for defendant). For example, in *Sawant v. Ramsey*, 2012 WL 3265020 (D. Conn. Aug. 9, 2012), Rosen spent thousands of hours securing a trial verdict only to find it impossible to collect on the judgment.

The risks in this case were no different. Lead Counsel's fee was entirely contingent, so the only certainty was that there would be no fee without a successful result and that such a result would only be realized after significant amounts of time, effort, and expense had been expended. Lead Counsel risked non-payment of a total of 691.2 hours of professional time worth $672,385.50, as well as incurring expenses of $57,907.03 to bring this case to a successful conclusion. ¶¶42, 46; Ex. 10. "This type of 'substantial outlay, when there is a risk that [no money] will be recovered, further supports the award of the requested fees.'" *Am. Apparel*, 2014 WL 10212865, at *22; *see also City of Providence v. Aeropostale, Inc.*, 2014 WL 1883494, at *14 (S.D.N.Y. May 9, 2014) ("the financial burden on contingent-fee counsel is far greater than on a firm that is paid on an ongoing basis"); *Flag Telecom*, 2010 WL 4537550, at *27 ("[u]nlike counsel for Defendants, who are paid substantial hourly rates and reimbursed for their expenses on a regular basis, [Lead Counsel] have not been compensated for any time or expenses since this case began….").

### 5. Fee Awards Granted in Similar Cases Further Support an Award of 25% of the Settlement Fund

The Ninth Circuit has established a benchmark for attorneys' fees in common fund cases of 25%, which the Court may adjust upwards or downwards for special circumstances. *Pac. Enterprises*, 47 F.3d at 379 (affirming fee of one-third of settlement fund). Courts in the Ninth Circuit have recognized that "in most common fund cases, the award exceeds the benchmark" and that "this is particularly true in securities class actions." *Am. Apparel*, 2014 WL 10212865, at *23; *Omnivision*, 559 F. Supp. 2d at 1047 ("[I]n most common fund cases, the award exceeds [the]

11

benchmark."). Moreover, as this Action reached an early resolution, "[c]ourts in this district typically adhere to this benchmark in cases in which there is little active litigation pre-settlement." *Schneider v. Champignon Brands Inc.*, 2023 WL 11944374, at *9 (C.D. Cal. Feb. 28, 2023). Here, Lead Counsel requests an award of attorneys' fees of 25% of the Settlement Amount.

Courts in the Ninth Circuit frequently award fees at or above the 25% benchmark in connection with securities class action settlements under $10 million, like the Settlement here. *E.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (affirming fee award of one-third of $1.725 million settlement); *In re IsoRay, Inc. Sec. Litig.*, 2017 WL 11461073, at *1 (E.D. Wash. Mar. 7, 2017) (awarding attorneys' fees of 30% of $3,537,500 settlement); *Szymborski v. Ormat Techs., Inc.*, 2012 WL 4960098, at *4 (D. Nev. Oct. 16, 2012) (awarding attorneys' fees of 30% of $3,100,000 settlement); *In re Nuvelo, Inc. Sec. Litig.*, 2011 WL 2650592, at *2 (N.D. Cal. July 6, 2011) (awarding 30% of $8.9 million); *In re Audioeye, Inc., Sec. Litig.*, 2017 WL 5514690, at *4 (D. Ariz. May 8, 2017) (awarding fees of one-third of $1,525,000 settlement); *Mauss v. NuVasive, Inc.*, 2018 WL 6421623, at *7 (S.D. Cal. Dec. 6, 2018) (awarding attorneys' fees of 30% of $7.9 million settlement); *Patel v. Axesstel, Inc.*, 2015 WL 6458073, at *8 (S.D. Cal. Oct. 23, 2015) (awarding attorneys' fees of 30% of $1.25 million settlement).

Courts in the Ninth Circuit also routinely award attorneys' fees at or above the benchmark in non-securities, common fund actions. *See e.g., Singer v. Becton Dickinson & Co.*, 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (awarding attorneys' fees of one-third of common fund and collecting cases noting that "the request for attorneys' fees in the amount of 33.33% of the common fund falls within the typical range of 20% to 50% awarded in similar cases."); *Morris v. Lifescan, Inc.*, 54 F. App'x 663, 664 (9th Cir. 2003) (affirming 33% fee); *Boyd v. Bank of Am. Corp.*, 2014 WL 6473804, at *12 (C.D. Cal. Nov. 18, 2014) (awarding one-third fee);

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM)

*Vandervort v. Balboa Cap. Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (awarding 33% fee); *Millan v. Cascade Water Servs., Inc.*, 2016 WL 3077710, at *11–12 (E.D. Cal. May 31, 2016) (approving an award of 33% of the common fund); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 449 (E.D. Cal. 2013) (awarding one-third of the settlement fund); *Rausch v. Hartford Fin. Servs. Grp.*, 2007 WL 671334, at *2 (D. Or. Feb. 26, 2007) (awarding 30% of settlement fund); *Gustafson v. Valley Ins. Co.*, 2004 WL 2260605, at *2 (D. Or. Oct. 6, 2004) (same); *Razilov v. Nationwide Mut. Ins. Co.*, 2006 WL 3312024, at *3 (D. Or. Nov. 13, 2006) (same).

The requested benchmark of a 25% fee is also lower than contingent fees in individual cases, which typically range from 30% to 40% of the recovery. *See, e.g., Blum*, 465 U.S. at 903 n.20 ("In tort suits, an attorney might receive one-third of whatever amount the plaintiff recovers."); *Katz v. China Century Dragon Media, Inc.*, 2013 WL 11237202, at *8 (C.D. Cal. Oct. 10, 2013) ("[C]ontingency fee arrangements generally range from 30% to 40% of final recovery.").

The guiding principle in this Circuit is that a fee award be "reasonable under the circumstances." *WPPSS*, 19 F.3d at 1296. Here, in view of the result obtained, the unique risks avoided in achieving a prompt and substantial recovery, the contingent fee risk, and the fees awarded in similar securities class actions in this Circuit, an award at the benchmark of 25% of the Settlement Amount obtained for the Settlement Class is reasonable.

**6.      The Settlement Class's Reaction Supports the Requested Fee**

Presently, there are no objections to the requested attorneys' fees or any aspect of the Settlement. ¶20; Bravata Decl., ¶16. "The existence or absence of objectors to the requested attorneys' fee is a factor in determining the appropriate fee award." *Heritage Bond*, 2005 WL 1594403, at *21; *Omnivision*, 559 F. Supp. 2d at 1048. To date, 16,129 potential Settlement Class Members were notified about the Settlement by mailed copies of the Postcard Notice or emailed links to the Long Notice and Claim

Form. Bravata Decl. ¶11. The Claims Administrator also published the Summary Notice electronically on *GlobeNewswire* and in print in *Investor's Business Daily*. *Id.*, ¶12. The Postcard Notice, emailed links to the Long Notice and Claim Form, and Summary Notice each directed potential Settlement Class Members to where they could access the full-length Long Notice and the website dedicated for the Settlement. The Notice informed Settlement Class Members that Lead Counsel would seek attorneys' fees of up to one-third of the Settlement Amount, plus interest, and litigation expenses in an amount not to exceed $95,000, and that they would seek awards to Plaintiffs of up to $15,000 total. Bravata Decl., Exs. A, B, and D. The Long Notice also advised Settlement Class Members of their right to object to these requests for relief or to request exclusion from the Settlement, and explained how to do so. *See id.*

The deadline for potential Settlement Class Members to submit objections and requests for exclusion is February 24, 2025. To date, no Settlement Class Member has objected to the Settlement or to the requested attorneys' fees or reimbursement of expenses. Bravata Decl. ¶16; ¶20. The lack of objections demonstrates the Settlement Class's positive reaction strongly supports the fee request – which is even less than what was provided in the Notice. *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("The lack of objection from any Class Member supports the attorneys' fees award"). No Settlement Class Member has requested exclusion from the Settlement. Bravata Decl. ¶15; ¶20. The lack of any valid requests for exclusion further demonstrates the positive reaction of the Settlement Class, which supports the requested fee. *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) ("overwhelming positive reaction of the class members" including 16 exclusion request representing 4.86% of class supported approval of the settlement); *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999) (reaction of class supported settlement when two large traders and small number of other class members representing under 1% of class opted-out of the settlement).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM)

\* \* \*

"A lodestar cross-check is not required in this circuit, and in some cases is not a useful reference point." *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1122 (C.D. Cal. 2008); *Lopez v. First Student, Inc.*, 2022 WL 618973, at \*6 (C.D. Cal. Feb. 8, 2022) (after evaluating factors supporting 30% fee request, the "[t]he Court is satisfied that a lodestar 'cross-check' is not required"). Some district courts consider a lodestar cross-check to affirm the reasonableness of an award. *In re Amgen Inc. Sec. Litig.*, 2016 WL 10571773, at \*9 (C.D. Cal. Oct. 25, 2016) ("Although an analysis of the lodestar is not required for an award of attorneys' fees in the Ninth Circuit, a cross-check of the fee request with a lodestar amount can demonstrate the fee request's reasonableness."). As Plaintiffs are not asking the Court to deviate from the 25% Ninth Circuit benchmark, the necessity of conducting a lodestar cross-check is diminished. *Baker v. SeaWorld Ent., Inc.*, 2020 WL 4260712, at \*8 (S.D. Cal. July 24, 2020) ("Courts have found that a lodestar analysis is not necessary when the requested fee is within the accepted benchmark."); *HCL Partners Ltd. P'ship v. Leap Wireless Int'l, Inc.*, 2010 WL 4156342, at \*2 (S.D. Cal. Oct. 15, 2010) (same).[2]

Lead Counsel has already spent significant time prosecuting this action and will spend additional time preparing Plaintiffs' reply, attending the final approval hearing, directing the claims administration process, and filing a motion for final distribution. *Arp v. Hohla & Wyss Enterprises, LLC*, 2020 WL 6498956, at \*7 (S.D. Ohio Nov. 5, 2020) ("Class Counsel frequently spend additional time, sometimes significant time,

---

[2] When conducting a lodestar cross-check, "the focus is not on the necessity and reasonableness of every hour of the lodestar, but on the broader question of whether the fee award appropriately reflects the degree of time and effort expended by the attorneys." *Stable Rd.*, 2024 WL 3643393, at \*15 (*citing In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 270 (D.N.H. 2007)). Thus, "an itemized statement of legal services is not necessary for an appropriate lodestar cross-check." *In re Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at \*7 n2 (D. Ariz. Apr. 20, 2012).

15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM)

dealing with class members' inquiries, administration issues, and other post-approval matters."). Lead Counsel will not seek additional compensation for this work. ¶51. *See In re Facebook, Inc. IPO Sec. & Deriv. Litig.*, 2015 WL 6971424, at *10 (S.D.N.Y. Nov. 9, 2015) (awarding 33% as attorneys' fees, considering time and effort expended already and remaining work to oversee claims process and distribution), *aff'd,* 674 F. App'x 37 (2d Cir. 2016). From inception to February 14, 2025, Lead Counsel's lodestar is $672,385.50 for 691.2 hours of professional time they spent prosecuting this litigation, resulting in a lodestar multiplier of 1.78. ¶42.[3] Should the Court conduct an informal lodestar crosscheck, this analysis will affirm that Plaintiffs' request for 25% of the Settlement Amount in attorney's fees is reasonable.

## IV.   LEAD COUNSEL'S EXPENSES WERE REASONABLE AND NECESSARY TO ACHIEVE THE BENEFIT OBTAINED

"[A]n attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014); *Omnivision*, 559 F. Supp. 2d at 1048 ("Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters."). The Notice informed potential Settlement Class Members that Lead Counsel would seek expenses in an amount not to exceed $95,000. Bravata Decl., Exs. A, B, and D. Lead Counsel requests reimbursement of $57,907.03 in litigation expenses incurred in prosecuting this Action – considerably lower than what was stated in the Notice. ¶¶39, 40.

---

[3] Lead Counsel's multiplier is considerably lower than those found to be reasonable in the Ninth Circuit. *E.g., Steiner v. Am. Broad. Co.*, 248 F. App'x 780, 783 (9th Cir. 2007) ("this multiplier [of 6.85] falls well within the range of multipliers that courts have allowed"); *Craft*, 624 F. Supp. 2d 1123 (granting 25% of fund that resulted in a 5.2 multiplier); *Feller v. Transamerica Life Ins. Co.*, 2019 WL 6605886, at *13 (C.D. Cal. Feb. 6, 2019) (2.97 multiplier "well-within the range of appropriate multipliers recognized by this Court and by other courts within the Ninth Circuit.").

Lead Counsel pursued this litigation knowing that it could recover its expenses only if Plaintiffs and the putative Class prevailed at trial and survived on appeal or reached a settlement. Lead Counsel had no incentive to incur, and did not incur, unnecessary expenses. All of Lead Counsel's expenses were reasonably expended and necessary for the prosecution of this litigation. ¶49. The bulk of Lead Counsel's expenses consisted of fees for a financial expert, accounting expert, mediator fees, investigator fees, and notice to class members. ¶46. The remainder of Lead Counsel's expenses consisted primarily of court filing fees, *pro hac vice* fees, online legal research fees, travel expenses, and other miscellaneous expenses. *Id*. Courts have held that these and similar types of expenses are properly charged to the Settlement Class. *E.g., Katz*, 2013 WL 11237202, at *8; *LJ Int'l, Inc.*, 2009 WL 10669955, at *8 (reimbursement approved for "research, travel, photocopying, and experts appear reasonable, and are of the type normally charged to typical clients."); *Luna v. Marvell Tech. Grp.*, 2018 WL 1900150, at *4 (N.D. Cal. Apr. 20, 2018) (reimbursement for experts, investigators, travel, filing costs, photocopies, and online legal and factual research granted as they were all reasonable and necessary); *Immune Response*, 497 F. Supp. 2d at 1177. The categories of expenses for which Lead Counsel seeks reimbursement are the type routinely billed to fee-paying clients and, therefore, should be paid out of the common fund. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).

## V.     THE COURT SHOULD APPROVE THE AWARD TO PLAINTIFFS

The Court should also award Plaintiffs $15,000 total ($10,000 for Subramanian and $5,000 for Wang), as compensation for the time they spent representing the Settlement Class. The Notice informed Settlement Class Members that Plaintiffs would seek this award. Bravata Decl., Exs. A, B, and D. To date, no objections have been raised in response to this request. *Id*., ¶16; ¶20.

The PSLRA empowers courts to grant awards to reimburse plaintiffs for reasonable costs and expenses related to the representation of the class. *See* 15 U.S.C.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM)

§ 78u-4(a)(4); H.R. Conf. Rep. No. 369, 104th Cong., 1st Sess. 35 (1995) ("The Conference Committee recognizes that lead plaintiffs should be reimbursed for reasonable costs and expenses associated with service as lead plaintiff, including lost wages, and grants the courts discretion to award fees accordingly."). Such awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-9 (9th Cir. 2009); *Jenson, v. First Tr. Corp.*, 2008 WL 11338161, at *16 (C.D. Cal. June 9, 2008) ("Courts across the country embrace incentive awards in light of the enormous benefits created by the class representatives.").

Throughout this litigation, Plaintiffs were available to Lead Counsel as needed and performed their duties with attentiveness and diligence, including by: (1) Wang filing the initial complaint and Subramanian volunteering to file a motion seeking appointment as lead plaintiff; (2) reviewing complaints and other pleadings; (3) regularly communicating and corresponding with counsel regarding the litigation and settlement; (4) gathering and producing information to Lead Counsel concerning their investments in Dada; and (5) making themselves available, if needed, to testify at a deposition or trial. Exs. 3-4; ¶¶52-56. As shown in their respective declarations, Plaintiffs were both actively involved in the case and put the concerns of the Settlement Class at the forefront. These are the kinds of activities that warrant reimbursement for the time and effort Plaintiffs expended on the Settlement Class's behalf.

Courts in this Circuit routinely award representative plaintiffs in similar or greater amounts. *See, e.g., Brown v. China Integrated Energy Inc.*, 2016 WL 11757878, at *14 (C.D. Cal. July 22, 2016) ($10,000 each to lead plaintiffs); *Todd v. STAAR Surgical Co.*, 2017 WL 4877417, at *6 (C.D. Cal. Oct. 24, 2017) ($10,000); *Jenson,* 2008 WL 11338161, at *16 ($20,000 reimbursement to lead plaintiff); *Dyer v. Wells*

18

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM)

*Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014) ($10,000 reimbursement to lead plaintiffs); *Razilov v. Nationwide Mut. Ins. Co.*, 2006 WL 3312024, at *3 (D. Or. Nov. 13, 2006) ($10,000 award to plaintiff).

Plaintiffs dedicated their own valuable time, faithfully representing the Settlement Class. Here, the requested Award to Plaintiffs is reasonable and thus, the Court should award the requested amount to Plaintiffs.

## VI.   CONCLUSION

For the foregoing reasons, the Court should award: (i) attorneys' fees of 25% of the Settlement Amount together with interest thereon; (ii) reimbursement of expenses of $57,907.03; and (iii) $10,000 to Subramanian and $5,000 for Wang for their time and dedication to this Action.

Dated: February 17, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*

Phillip Kim (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Emails: philkim@rosenlegal.com

Jing Chen (*pro hac vice*)
Gonen Haklay (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Emails: jchen@rosenlegal.com
        ghaklay@rosenlegal.com

Laurence M. Rosen (SBN 219683)

19

355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com


*Lead Counsel for Plaintiffs and the Class*


## CERTIFICATE OF COMPLIANCE WITH LR 11-6.2

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 6,236 words, which complies with the word limit of L.R. 11-6.1.

Date: February 17, 2025

*/s/ Phillip Kim*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS; 2:24-cv-00239-SVW-BFM

**CERTIFICATE OF SERVICE**

I, Phillip Kim, hereby declare under penalty of perjury as follows:

I am a Partner at The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On February 17, 2025, I electronically filed the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on February 17, 2025.

/s/ Phillip Kim

21