**[Name] Kong Qingxun**

[Address] 9E, Nuode Center, 1006 Fuzhong Street, Futian District

[City, State, ZIP Code]Shenzhen, Guangdong, China 518000

[Phone Number] +86 13676064350

[Email Address (if applicable)] 963978642@qq.com

**Clerk of the Court**

United States District Court

Central District of California

First Street Federal Courthouse

350 W. First Street, Suite 4311

Los Angeles, CA 90012

**Re**: Object to the Settlement in the matter of Wang v. Dada Nexus Limited

Securities Litigation, Case No. 2:24-cv-00239 (C.D. Cal.)

Dear Clerk of the Court:

I am writing to formally object to the proposed class action settlement in the above-referenced case. Below is the information required by the Court's Order and my grounds for objection:

## 1. Personal Information

**[Name] Kong Qingxun**

[Address] 9e, Nuode Center, 1006 Fuzhong Street, Futian District

[City, State, ZIP Code]Shenzhen, Guangdong, China 518000

[Phone Number] +86 13676064350

[Email Address (if applicable)] 963978642@qq.com

## 2. Transactions in Dada ADSs During the Settlement Class Period

### Beginning Holdings

0

### Purchases/Acquisitions

| Trade Date (List Chronologically) (Month/Day/Year) | Number of ADSs Purchased/ Acquired | Price per ADS | Total Cost |
|---|---|---|---|
| 03/13/2023 | 2,000.0000 | 7.9467 | 15,893.4000 |
| 03/13/2023 | 500.0000 | 8.1700 | 4,085.0000 |
| 03/13/2023 | 500.0000 | 8.3090 | 4,154.5000 |
| 03/14/2023 | 2,000.0000 | 7.8395 | 15,679.0000 |

| 05/08/2023 | 2,000.0000 | 5.7980 | 11,596.0000 |
| 05/09/2023 | 1,000.0000 | 5.6900 | 5,690.0000 |
| 05/11/2023 | 1,000.0000 | 6.5350 | 6,535.0000 |
| 07/24/2023 | 500.0000 | 5.1300 | 2,565.0000 |
| 08/16/2023 | 1,200.0000 | 5.4000 | 6,480.0000 |
| 01/09/2024 | 2,600.0000 | 1.7900 | 4,654.0000 |

**Sales**

| Trade Date (List Chronologically) (Month/Day/Year) | Number of ADSs Sold | Price per ADS | Amount Received |
|---|---|---|---|
| 04/26/2023 | 2,000.0000 | 5.6877 | 11,375.4000 |
| 04/26/2023 | 800.0000 | 5.7000 | 4,560.0000 |
| 07/28/2023 | 500.0000 | 6.4200 | 3,210.0000 |

**Ending Holdings**

10,000

**BALANCE CHECK**

**Beginning Holdings**

0

**TOTAL Purchases**

13,300

**TOTAL Sales**

3,300

**Ending Holdings**

10,000

### 3. Grounds for Objection

I object to the proposed settlement for the following reasons:

**a. Inadequate Compensation for Fraudulent Misconduct**

The $4.8 million settlement amount is grossly insufficient given the severity of Dada's financial

fraud and its impact on investor trust. Dada's investors relied not only on the company's representations but also on the credibility of its majority shareholder, JD.com—a $50 billion Nasdaq-listed entity. Financial accuracy is the cornerstone of investor decision-making, and Dada/JD.com's actions constitute a fundamental breach of trust. The proposed settlement trivializes the harm caused to shareholders and fails to deter future misconduct, violating principles of fairness and justice in capital markets (*See Basic Inc. v. Levinson*, 485 U.S. 224 (1988), emphasizing the importance of material misrepresentations).

### b. Disproportionate Settlement Relative to Defendants' Financial Capacity

JD.com holds approximately $30 billion in cash reserves, and Dada's market position suggests significant financial capacity. Yet, the settlement represents less than 0.1% of JD.com's liquidity. Retail investors suffered losses exceeding hundreds of millions of dollars due to Dada's 70% stock price collapse. A larger recovery proportional to defendants' resources is necessary to adequately compensate victims and serve as a meaningful deterrent (*See In re Petrobras Securities Litigation*, 862 F.3d 250 (2d Cir. 2017), holding that settlements must reflect defendants' ability to pay).

### c. Incentivizing Fraud Through Privatization

Dada's ongoing privatization raises concerns that the settlement enables JD.com to profit from its own misconduct. If management and JD.com colluded to depress Dada's stock price artificially, JD.com could save billions in privatization costs. A $4.8 million settlement sets a dangerous precedent, signaling to corporations that fraudulently depressing stock prices for cheap buyouts carries minimal consequences. This undermines market integrity (*See SEC v. Talbot*, 530 F.3d 1085 (9th Cir. 2008), condemning schemes exploiting fiduciary duties for private gain).

### d. Strategic Leverage for Fair Compensation

The litigation impedes JD.com's ability to finalize Dada's privatization—a critical strategic goal. This provides shareholders leverage to negotiate a fairer settlement. Accepting the current proposal squanders this leverage and rewards defendants for expediency over justice.

### e. Denial of Liability Demands Full Compensation, Not Symbolic Settlements

If Dada and JD.com continue to deny all allegations of financial misconduct, they must nonetheless provide **full compensation** for investor losses proven to result from their actions. The proposed $4.8 million settlement is a mere fraction of the actual damages suffered by shareholders and effectively allows Defendants to evade accountability. Under the Private Securities Litigation Reform Act (PSLRA), courts must ensure settlements reflect the ""fair, reasonable, and adequate" recovery of investor losses (*15 U.S.C. § 78u-4(a)(3)*). A token payment that permits Defendants to avoid admitting liability while retaining billions in ill-gotten gains violates this standard and incentivizes future misconduct (*See Amgen Inc. v. Connecticut Retirement Plans*, 568 U.S. 455 (2013), emphasizing the need for proportional remedies).

### 4. Legal Representation

I am not represented by counsel in this matter.

### 5. Prior Objections to Class Action Settlements

I have not filed objections to any class action settlements in the past five years.

## Conclusion

I urge the Court to reject the proposed settlement as inadequate and unfair. **Dada and** JD.com **must be required to compensate all retail investors for 100% of their losses during the fraud period, with punitive damages imposed to deter similar misconduct by other publicly traded companies.** The current proposal rewards Defendants for exploiting shareholder trust, undermines market integrity, and sets a dangerous precedent that fraudulently depressing stock prices for privatization is a cost-effective strategy.

Respectfully submitted,

孔庆勋

**13rd, Feb, 2025**

cc:

- The Rosen Law Firm, P.A. (Laurence M. Rosen)
- Skadden, Arps, Slate, Meagher & Flom LLP (Peter B. Morrison)



FROM:

21354 Running Branch Rd.
Diamond Bar
CA 91765

TO:

Clerk of the Court
United States District Court
Central District of California
First Street Federal Courthouse
350 W. First Street Suite 4311
Los Angeles, CA 90012

Expandable Photo Document Mailer
9 3/4" x 12 1/4"

ReadyPost.

CERTIFIED MAIL

9569 0710 5270 2444 3044 94

FEB 2 0 2025

$7.44
S23240500930-45
U.S. POSTAGE PAID
FCM LG ENV
DIAMOND BAR, CA 91765
FEB 14, 2025
90012
RDC 99

