Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

[*Additional Counsel on Signature Page*]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAN WANG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DADA NEXUS LIMITED, JEFF HUIJIAN HE, BECK ZHAOMING CHEN, LAURA MARIE BUTLER, BAOHONG SUN, JIAN HAN, AND JD.COM, INC.<br><br>Defendants. | Case No. 2:24-cv-00239-SVW-BFM<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTIONS FOR: (1)  FINAL APPROVAL OF SETTLEMENT, PLAN OF ALLOCATION, AND FINAL CERTIFICATION OF SETTLEMENT CLASS; AND (2) AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS**<br><br><u>CLASS ACTION</u><br><br>Date:        March 17, 2025<br>Time:      1:30 p.m.<br>Courtroom: 10A<br>Judge: Hon. Stephen V. Wilson |

Lead Plaintiff Senthil Subramanian and Named Plaintiff Yan Wang ("Plaintiffs") submit this reply memorandum in further support of their motions for: (1) Final Approval of Settlement, Plan of Allocation, and Final Certification of Settlement Class; and (2) an award of attorneys' fees of 25% of the Settlement Amount, or $1,200,000, reimbursement of $57,907.03 in litigation expenses incurred, and awards to Plaintiffs of $15,000 total[1] ("Motions") (Dkt. 69 and 71).

## I.   STATEMENT OF FACTS

The Court-ordered deadlines for Settlement Class Members to object to the Settlement, Plan of Allocation, attorneys' fees and expenses, and award to Plaintiffs or request exclusion from the Settlement Class have passed. As there was only one objection and no requests for exclusion received, the Settlement Class's overwhelmingly positive reaction to all aspects of the Settlement supports final Court-approval of the Motions. As detailed herein, the Court should overrule the objection and grant the Motions.

Over 16,000 potential Settlement Class Members were notified of the Settlement by either emailed links to the Notice and Claim Form or mailed Postcard Notice. Bravata Suppl. Decl. ¶3. The Claims Administrator, Strategic Claims Services ("SCS"), also published the Summary Notice once in print in *Investor's Business Daily* and once electronically over *GlobeNewswire*. (Dkt. 73-1) ("Bravata Decl.") ¶12. On December 9, 2024, SCS established a website dedicated to the Settlement which included the online claim filing link and important documents including the Long Notice, Claim Form, Preliminary Approval Order, and Stipulation. Bravata Suppl.

---

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Stipulation of Settlement ("Stipulation") (Dkt. 59). Internal citations and quotations are omitted and emphasis is added unless otherwise noted. Citations to "Bravata Suppl. Decl." are to the Supplemental Declaration of Josephine Bravata, attached hereto as Exhibit 1.

REPLY IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT; 2:24-cv-00239-SVW-BFM

Decl. ¶5. SCS has also maintained a toll-free telephone number for potential Settlement Class Members. *Id.* ¶4.

The February 15, 2025 claims filing deadline and the February 24, 2025 deadline for objections and requests for exclusion have each passed. To date, potential Settlement Class Members have submitted 4,358 claims. *Id.* ¶8. There has been one objection to the Settlement filed by Kong Qingxun. Dkt. 74; Bravata Suppl. Decl. ¶7. SCS received no requests for exclusion from the Settlement. *Id.* ¶6.

Plaintiffs respectfully request that the Court grant the Motions and enter the Proposed Order and Final Judgment, previously attached as Exhibit B to the Stipulation, and submitted herewith, and the Proposed Order Awarding Attorneys' Fees and Expenses and Award to Plaintiffs ("Proposed Fee and Expenses Order"), previously filed as Dkt. No. 71-1.

## II. ARGUMENT

### A. The Reaction of the Settlement Class Supports Final Approval

The Settlement Class overwhelmingly supports final approval of the Settlement. Despite 16,129 potential Settlement Class Members receiving individualized notice of the Settlement, only one objection was submitted. Bravata Suppl. Decl. ¶¶3, 7. As discussed further *infra* II(C), the lone objection did not take issue with the Plan of Allocation or the requested attorneys' fees and expenses and award to Plaintiffs. As such, that only one objection was received supports final approval of the Motions.

Indeed, "[i]t is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004). Similarly, the lack of any requests for exclusion from the Settlement demonstrates the Settlement Class's positive reaction to the Settlement and supports final approval. *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement with 0.56% of eligible class members requesting exclusion). *See also, In re*

*Stable Rd. Acquisition Corp.*, 2024 WL 3643393, at *10 (C.D. Cal. Apr. 23, 2024) (one objection and four requests for exclusion "demonstrates the Settlement Class's positive reaction to the Settlement and supports final approval."); *Zhou v. Faraday Future Intelligent Elec. Inc.*, 2024 WL 1245341, at *9 (C.D. Cal. Mar. 18, 2024) ("The absence of objections to the Settlement by almost all class members strongly supports approval."); *Kmiec v. Powerwave Techs., Inc.*, 2016 WL 5938709, at *4 (C.D. Cal. July 11, 2016) ("The small number of objections and requests for exclusion supports final approval."); *Rodriguez v. W. Pub. Corp.*, 2007 WL 2827379, at *10 (C.D. Cal. Sept. 10, 2007), *aff'd in part, rev'd in part sub nom. Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ("The relatively low number of objectors supports a finding that the Settlement is adequate."); *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 2013 WL 6577020, at *16 (C.D. Cal. Dec. 5, 2013) (69 exclusion requests in response to mailing of over 50,000 notices supports settlement).

At Lead Counsel's direction, SCS carried out a thorough notice program in accordance with the Court's Preliminary Approval Order, directly notifying over 16,000 potential Settlement Class Members of the pending Settlement. Bravata Suppl. Decl. ¶3. "[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Thus, the Settlement Class Member's reaction to the Settlement further supports final approval.

**B.    The Reaction of the Settlement Class Also Supports Approval of the Requests for an Award of Attorneys' Fees, Reimbursement of Expenses, and Awards to Plaintiffs**

As Mr. Kong did not object to the request for attorneys' fees, expenses, or award to Plaintiffs, the lack of objections to these requests supports their approval. *See, e.g., Stable Rd.,* 2024 WL 3643393, at *14 ("[t]hat only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable.");

*Waldbuesser v. Northrop Grumman Corp.,* 2017 WL 9614818, at *5 (C.D. Cal. Oct. 24, 2017) (court noting that the "lack of significant objections to the requested fees justifies an award of one-third of the settlement fund."); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("The lack of objection from any Class Member supports the attorneys' fees award.").

Here, there has been no objection to Lead Counsel's requests for an award of attorneys' fees of 25% of the Settlement Amount, reimbursement of $57,907.03 in litigation expenses incurred, and awards to Plaintiffs of $15,000 in total, which are less than or equal to the maximum figures (fees of up to one-third of the Settlement Amount, expenses of up to $95,000, and awards to Plaintiffs of up to $15,000 total) presented to potential Settlement Class Members in the Notice. Bravata Decl., Exs. A, B, and D. Accordingly, the Settlement Class's overwhelmingly positive reaction strongly supports the fairness and reasonableness of these requests.

### C.    Mr. Kong's Objection Should be Rejected

The crux of Mr. Kong's concerns with the Settlement is that he believes that Dada Nexus Limited ("Dada") investors should be receiving 100% of their losses as well as punitive damages to prevent future misconduct.[2] Also, Mr. Kong speculates about a conspiracy regarding JD.com, Inc. ("JD") offering to privatize Dada. "An objector to a proposed settlement agreement bears the burden of proving any assertions they raise challenging the reasonableness of a class action settlement." *Stable Rd.,* 2024 WL 3643393, at *2. Mr. Kong does not meet this burden.

While Plaintiffs sympathize that Mr. Kong lost money in his investment in Dada, recovering all of investors' losses is not realistic. Of course investors would always

---

[2] Punitive damages are not available to Dada investors here as "[p]unitive damages may not be awarded for the violation of federal securities law." *Ambassador Hotel Co. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1031 (9th Cir. 1999); *West v. Innotrac Corp.*, 2005 WL 8162181, at *8 (D. Nev. Dec. 27, 2005) ("[P]unitive damages are not allowed under a private claim for violation of Securities Law 10b-5.").

REPLY IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT; 2:24-cv-00239-SVW-BFM

prefer larger monetary recoveries, however, all settlements require compromise. *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982) ("Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation."). That Dada and JD may have the financial means to pay more, as Mr. Kong asserts, does not render the Settlement inadequate. *Hanlon*, 150 F.3d at 1027 ("Settlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion.").

Further, Mr. Kong's objection is devoid of recognizing the obstacles this litigation posed, particularly against China-based defendants. Mr. Kong fails to cite any applicable authorities that reject such risks. As detailed in the Final Approval Brief (Dkt. 70) at Section IV(C), there was considerable uncertainty that Plaintiffs would be able to prevail at some, let alone all, of these stages of litigation. Rather, the Settlement provides a significant – and guaranteed – recovery for Dada investors. As discussed in detail in the Final Approval Brief (*Id.* at Section IV(E)(1)), the Settlement compares favorably to other securities class action settlements. Mr. Kong does not dispute this fact, nor does he provide any evidence to the contrary. Given the guaranteed and significant recovery, Mr. Kong's concerns should be rejected. *Stable Rd.,* 2024 WL 3643393, at \*4 (in overruling objector, court noted settlement provided more than other typical recoveries in securities class actions).

Mr. Kong also raises JD's proposed private buyout of Dada and that it somehow renders the Settlement unfair. That JD submitted a preliminary non-binding proposal to acquire Dada has no impact on the Settlement. Moreover, this privatization offer was not announced until January 27, 2025 – almost five months after the settlement was reached (Stipulation, at 3) and over three months after the Stipulation resolving this

action was filed with the Court on October 14, 2024.[3] As the privatization proposal did not exist at the time the parties were negotiating the Settlement, it could not have affected the fairness of the settlement—a settlement which, again, was a result of Judge Otero's mediator proposal, based on the facts as they existed at the time. As such, this proposed acquisition does not have any bearing on the fairness, reasonableness, and adequacy of the Settlement.

Plaintiffs respectfully request the Court reject Mr. Kong's objection.

## III.    UPDATE ON CLAIMS ADMINISTRATION

To date, 4,358 claims have been submitted. Bravata Suppl. Decl., ¶8. Based on an initial review, 1,145 claims are valid, 69 claims are deficient, and 3,144 claims are ineligible. *Id.* As SCS is in the process of conducting its quality assurance review of the claims submitted, the number of valid claims may change once this review is completed. *Id.* ¶9. The deficient claims were submitted with insufficient documentation or information and those claimants will be provided the opportunity to cure their claims submission. *Id.* ¶8. The claims that have been deemed ineligible include those: (i) with no Recognized Losses; (ii) duplicate claims; (iii) with ADSs that were received or granted by gift, inheritance, or operation of law; (iv) with shares sold short; (v) filed by an excluded party; (vi) filed with securities other than Dada ADSs; (vii) withdrawn by the filing entity; (viii) with Dada ADSs purchased outside of the Settlement Class Period; and (ix) filed fraudulently. *Id.*

Currently, SCS has incurred $72,743.37 in Administrative Costs. Bravata Suppl. Decl., ¶10. SCS estimates that through the completion of the claims administration process, it will incur an additional $25,000.00 in Administrative Costs thereby totaling $97,743.37. *Id.* This is well below the amount the Court previously permitted to be spent on such costs. The Preliminary Approval Order provided for distribution of up to $150,000 from the Settlement Fund to pay reasonable Administrative Costs before the

---

[3]https://www.sec.gov/Archives/edgar/data/1793862/000110465925006119/tm254515 d1_ex99-1.htm

Effective Date. (Dkt. 68 at ¶12). After the Effective Date, an additional $100,000 could be paid for further Administrative Costs. *Id*. Thus, if the Court grants the request attorneys' fees of 25% of the Settlement Fund ($1,200,000), reimbursement of litigation expenses of $57,907.03, and awards to Plaintiffs of $15,000 in total, along with Administrative Costs, the Net Settlement Fund is $3,429,349.60. As such, if there remains only 1,145 valid claims, the average recovery per valid claim would be about $2,995.07.[4]

*    *    *

Given that no Settlement Class Members nor Mr. Kong have indicated that they intend to appear at the Settlement Hearing as directed in the Preliminary Approval Order (Dkt. 68 at ¶27), the Court can take the Motions under submission and enter the form orders of the Proposed Order and Final Judgment (submitted herewith) and the Proposed Fee and Expenses Order (Dkt. 71-1). *See Perez v. Izea, Inc., et al*., Case No. 2:18-cv-02784-SVW-GJS (C.D. Cal.) (final approval granted without holding a settlement hearing); *Barney v. Nova Lifestyle, Inc., et al*., Case No. 2:18-cv-10725-TJH-AFM (C.D. Cal.) (same).

## IV.    CONCLUSION

For the foregoing reasons, and those set forth in Plaintiffs' opening memoranda, the Court should deny the lone objection and grant Plaintiffs' Motions.

Dated: March 3, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*
Phillip Kim (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016

---

[4] This is an average recovery. Individual recoveries will, of course, vary based on when the claimant purchased and/or sold Dada ADSs and at what prices.

Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: philkim@rosenlegal.com

Jing Chen (*pro hac vice*)
Gonen Haklay (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Emails: jchen@rosenlegal.com
          ghaklay@rosenlegal.com

Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

REPLY IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT; 2:24-cv-00239-SVW-BFM

## **CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 2,195 words, which complies with the word limit of L.R. 11-6.1.

Date: March 3, 2025

*/s/Phillip Kim*

9

## CERTIFICATE OF SERVICE

I, Phillip Kim, hereby declare under penalty of perjury as follows:

I am a Partner at The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On March 3, 2025, I electronically filed the foregoing REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTIONS FOR: (1)   FINAL APPROVAL OF SETTLEMENT, PLAN OF ALLOCATION, AND FINAL CERTIFICATION OF SETTLEMENT CLASS; AND (2) AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFFS   with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on March 3, 2025.

                                    /s/ Phillip Kim

REPLY IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT; 2:24-cv-00239-SVW-BFM