# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|---|---|---|---|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**  ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT, PLAN OF ALLOCATION, AND FINAL CERTIFICATION OF SETTLEMENT CLASS [69]; AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES, AND AWARD TO PLAINTIFFS [71]

## I.    Introduction

Before the Court is lead Plaintiff Senthil Subramanian and named Plaintiff Yan Wang's, individually and on behalf of the proposed settlement class (collectively, "Plaintiffs"), motion for final approval of settlement, plan of allocation, and final certification of settlement class. ECF No. 69. Also before the Court is Plaintiffs' motion for award of attorneys' fees, expenses, and award to Plaintiffs. ECF No. 71. For the following reasons, the motion for final approval of settlement, plan of allocation, and final certification is GRANTED, and the motion for award of attorneys' fees, expenses, and award to Plaintiffs is GRANTED IN PART and DENIED IN PART.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|---|---|---|---|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

## II.    Background

### A.  Factual and Procedural Background

Defendant Dada Nexus Limited ("Dada") is an online platform for local on-demand retail and delivery in China that has been publicly traded on NASDAQ since June 2020. Plaintiffs are a class of persons or entities who purchased Dada's American Depository Shares ("ADS" or "Shares") between March 9, 2023 and April 22, 2024.

On January 10, 2024, Plaintiffs brought securities claims against Defendants Dada Nexus Limited, Jeff Huijian He, Beck Zhaoming Chen, Laura Marie Butler, Baohong Sun, Jian Han, and JD.com, Inc. (collectively, "Defendants"). At a general level, Plaintiffs alleged that Defendants artificially inflated revenues to meet their revenue forecasts. ECF No. 45, Corrected Amended Class Action Complaint. They further alleged that Defendant executives had reason to know that the revenues were inflated and failed to investigate. *Id.* Finally, Plaintiffs alleged that because of these allegedly fraudulent activities, Dada's share price fell materially. Altogether, Plaintiffs alleged that Defendants' activities constituted violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. *Id.*

On April 5, 2024, the Court appointed Senthil Subramanian as Lead Plaintiff and The Rosen Law Firm, P.A. as Lead Counsel. ECF No. 36. In August of 2024, the parties participated in a mediation with the Honorable S. James Otero (ret.) of JAMS. While the mediation did not result in settlement, the parties continued to discuss settlement under Judge Otero's guidance after the unsuccessful mediation. Eventually, the parties accepted Judge Otero's proposal to settle the case for $4.8 million.

On October 14, 2024, Plaintiffs moved for preliminary approval of the class action settlement (the "Settlement"). ECF No. 57. The Court granted preliminary approval on November 27, 2024. ECF No. 68. Now before the Court is Plaintiffs' motion for final approval of the Settlement.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|----------|------------------------|------|----------------|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

### B. The Settlement Agreement

The key terms of the Settlement are as follows:

#### 1. Class Definition

The Settlement Class is defined as "all Persons and entities who purchased publicly traded Dada American Depositary Shares ("ADS") between March 9, 2023 and April 22, 2024, both dates inclusive, and who were damaged thereby." Stipulation of Settlement ("Stipulation") ¶ 1.36, ECF No. 59.

#### 2. Settlement Benefits

Defendant will pay $4,800,000 (the "Settlement Amount") to a Settlement Fund. *Id.* ¶¶ 1.35, 2.1. After deduction of all taxes, administrative costs, litigation expenses, and attorneys' fees, the Net Settlement Fund will be distributed to the Class Members under the Plan of Allocation. Administration and distribution of the Settlement Amount is to be handled by a claims administrator, which in this case is Strategic Claims Services ("SCS" or "the Claims Administrator").

To allocate the Settlement Amount, the Claims Administrator will determine, for each Settlement Class Member who executes a valid claim form (hereinafter, "Claimants"), the *pro rata* share of the Settlement Amount minus applicable taxes and fees (the "Net Settlement Fund") based on each Claimant's "Recognized Loss." Exhibit A-1 to Stipulation of Settlement at 7, ECF No. 59-2. Each Claimant's "Recognized Loss" is calculated based on the number of shares purchased by the Claimant, the amount the share price was inflated, and the difference between the share purchase and sale price. *Id.* at 9.

#### 3. Release

As part of the proposed settlement, the Settlement Class Members ("the Releasing Parties") agree to release Defendants from "any and all Claims" (both known and unknown) that "have been or could have been asserted by or on behalf of" the Settlement Class Members which "arise out of, are based upon,

|  |  | : |
|--|--|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|----------|------------------------|------|----------------|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

or relate in any way to the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action." Stipulation ¶¶ 1.31-33, 6.1-6.3.

### 4. Notice and Opt-Out

Plaintiffs selected Strategic Claims Services ("SCS") as the Claims Administrator for the settlement. Declaration of Jing Chen ("Chen Decl.") ¶ 17. SCS published notice of settlement electronically on *GlobeNewswire* and in print in *Investor's Business Daily* on December 30, 2024. *Id.* ¶ 18. Notice was also posted on SCS's settlement-specific website on December 9, 2024. *Id.* Individually, 16,129 notices were either mailed or emailed to potential settlement class members. *Id.* ¶ 18.

To participate in the recovery of the Settlement Amount, each Settlement Class Member must properly complete and execute a claim form to the Claims Administrator by February 15, 2025. Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement at 8, ECF No. 68. All Class Members are bound by the terms of the Settlement Agreement unless they request exclusion from the Settlement by February 24, 2025. *Id.* at 10.

### 5. Objections

Objections to the proposed settlement were due by February 24, 2025. *Id.* In total, there was only one objection to the proposed Settlement, made by Kong Quingxun, who is a potential class member. *See* ECF No. 74. Mr. Quingxun took issue with the amount of the settlement and argued that Defendant should pay a larger settlement sum. *See id.*

### III. Discussion

#### A. Final Settlement Approval

In a class action, final settlement approval before the class certification stage is a two-step process: first, the Court must evaluate whether the Settlement Class satisfies the federal requirements for class

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|---|---|---|---|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

certification; and second, the Court must evaluate the Settlement itself.

### 1. Class Certification

To give final approval of the Settlement, the Court must find that the Settlement Class (which is, in short, all purchasers of Dada stock between March 2023 and April 2024) satisfies the federal requirements for class certification—in this case, Federal Rules of Civil Procedure 23(a) and 23(b)(3). The Court will analyze each rule below.

### a. Rule 23(a)

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). Rule 23(a) provides that the Court can certify a proposed class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." In short, Plaintiffs' proposed class must satisfy the traditional requirements of numerosity, commonality, typicality, and adequacy.

The Court finds that Plaintiffs' proposed class satisfies the requirements of Rule 23(a). **First**, there is numerosity. The class is made up of purchasers of Dada stock. At the start of the Class Period, there were over a billion ordinary shares of Dada outstanding. Given that "classes of forty or more are considered sufficiently numerous," the number of purchasers of Dada stock easily satisfies this requirement. *See In re China Med. Corp. Sec. Litig.*, 2013 WL 12126754, at *2 (C.D. Cal. May 16, 2013). Indeed where "the exact size of the proposed class is unknown, but general knowledge and common sense indicate it is large, the numerosity requirement is satisfied." *Vinh Nguyen v. Radient Pharms. Corp.*, 287 F.R.D. 563, 569 (C.D. Cal. 2012).

**Second**, the Court finds commonality. This case presents the following common questions of law

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|----------|----------------------|------|----------------|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

and fact: whether (1) Defendants made false or misleading public statements or omissions during the Class Period; (2) Defendants acted with scienter; (3) Defendants' misrepresentations artificially inflated the market price of Dada ADS during the Settlement Class Period; and (4) Settlement Class Members were damaged by Defendants' statements and omissions.

**Third**, there is typicality. Plaintiffs' claims are typical of those of the Settlement Class—both Plaintiffs' and the Settlement Class's claims arise from the purchase of Dada's securities and both groups suffered damages as a result of the same misstatements and omissions by Defendants.

**Fourth**, Plaintiffs' proposed class satisfies the adequacy requirement. There is no conflict of interest between Plaintiffs and the Settlement Class. Moreover, Lead Counsel has been involved in this case since its inception. Lead Counsel also has extensive experience with securities class actions.

In sum, Plaintiffs' proposed class satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a).

**b. Rule 23(b)(3)**

Not only must the proposed class satisfy Rule 23(a), but it must also satisfy Rule 23(b)(3). Rule 23(b)(3) requires (1) that "questions of law or fact common to class members predominate over any questions affecting only individual members" (i.e., "predominance"); and (2) that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" ("superiority"). Fed. R. Civ. P. 23(b)(3).

Here, there is both predominance and superiority. First, there is predominance because the case turns on "critical questions of what Defendants said, what they knew, what they withheld, and with what intent they acted,"—i.e., common questions to all class members. *See In re Cooper Companies Inc. Sec. Litig.*, 254 F.R.D. 628, 640 (C.D. Cal. 2009). As is typical of securities class actions, these common questions will predominate over any individual questions.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|----------|----------------------|------|----------------|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

Second, there is superiority. Courts routinely find superiority when confronted with request for settlement-only class certification, as in such cases "a district court need not inquire whether the case, if tried, would present intractable management problems." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). The traditional superiority factors also support certification, as class certification in this case will avoid the duplication of efforts among class members and will also avoid the risk of inconsistent rulings.

Because Plaintiffs' proposed class satisfies the requirements of Rules 23(a) and 23(b)(3), the Court will certify Plaintiffs' proposed class for the purposes of approving settlement.

### 2. Settlement Approval

"The claims, issues, or defenses of a certified class . . . may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). The point of this rule, outlined in Federal Rule of Civil Procedure 23(e), is to protect unnamed class members from "unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citations omitted). Put simply, before giving final approval of a class action settlement, courts must conclude that the settlement is "fundamentally fair, adequate and reasonable." *In re Heritage Bond Litig.*, 546 F.3d 667, 674-75 (9th Cir. 2008) (citations omitted). In making this conclusion, "district courts are required to give 'substantive consideration' to the terms of a proposed settlement, [but] they are not bound by any 'duty to maximize the settlement fund for class members.'" *In re California Pizza Kitchen Data Breach Litig.*, No. 23-55288, 2024 WL 583419, at *4 (9th Cir. Feb. 24, 2025).

This assessment is especially stringent where, as is the case here, the parties reach a class action settlement prior to class certification. In those cases, district courts apply "a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Dennis Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) (quotations omitted). A more "exacting review is warranted to ensure that class representatives and their counsel do not secure a disproportionate benefit at the expense of the unnamed plaintiffs who class counsel had a duty to represent." *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1048-49 (9th Cir. 2019) (quotations omitted).

| | | : |
|---|---|---|
| Initials of Preparer | | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|---|---|---|---|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

Under Rule 23(e), when deciding whether to approve a class action settlement, courts consider whether:

    (A) the class representatives and class counsel have adequately represented the class;
    (B) the proposal was negotiated at arm's length;
    (C) the relief provided for the class is adequate, taking into account:
        (i) the costs, risks, and delay of trial and appeal;
        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
        (iv) any agreement required to be identified under Rule 23(e)(3);
    (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

In addition to the factors outlined by Rule 23(e), the Ninth Circuit also outlines additional factors that courts should consider when deciding whether to approve a class settlement. Many of these factors overlap with Rule 23(e), but some are novel. Namely, in addition to the 23(e) factors, the Ninth Circuit asks courts to consider: "the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

The Court will address each of the pertinent factors listed above in turn.

### a. Adequate Representation

The first 23(e)(2) factor for settlement approval is the adequacy in which class representatives and

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|---|---|---|---|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

counsel have represented the class. Fed. R. Civ. P. 23(e)(2)(i). This factor favors approving the settlement, as Lead Plaintiff and Counsel adequately represented the Settlement Class. To start, Lead Plaintiff has no conflicts of interest with other settlement class members. His claims also arise from the same alleged conduct as the Settlement Class: the purchase of Defendants' stock at inflated prices. *See In re Polaroid ERISA Litig.*, 240 F.R.D. 65, 77 (S.D.N.Y. 2006) ("Where plaintiffs and class members share the common goal of maximizing recovery, there is no conflict of interest between the class representatives and other class members.").

Further, Lead Counsel is highly experienced in securities class actions and appears to have represented the Settlement Class effectively. Lead Counsel reviewed the pertinent SEC filings, press releases, conference calls, and other public statements during the Settlement Class Period; retained investigators in China to investigate Defendants; drafted the initial complaint and the Amended Complaint; and finally negotiated the Settlement and moved for preliminary approval. These activities, combined with the lack of conflicts of interests, are sufficient to establish adequate representation.

#### b. Arm's Length Negotiation

The second 23(e)(2) factor is whether the settlement was negotiated at arm's length. Here, the Settlement was a product of a mediation between the parties—who were adequately represented by experienced counsel—and Judge Otero, whose experience adjudicating and mediating complex litigation speaks for itself.[1] This factor thus favors settlement approval. *See Roberti v. OSI Sys, Inc.*, 2015 WL 8329916, at *3 (C.D. Cal. Dec. 8, 2015) ("[A]ssistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.").

#### c. The Strength of Plaintiffs' Case and Risk of Continuing Litigation

Courts next evaluate the adequacy of the relief provided for the class by taking into account four factors, the first of which is "the costs, risks, and delay of trial and appeal[.]" Fed. R. Civ. P. 23(e)(2)(C)(i).

---

[1] While the parties technically settled after their mediation with Judge Otero, this is a distinction without a difference, as the parties ultimately accepted the settlement proposed by Judge Otero during the mediation.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|---|---|---|---|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

In making this assessment, courts in the Ninth Circuit evaluate "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; [and] the risk of maintaining class action status through the trial." *Wong v. Arlo Techs., Inc.*, No. 5:19-cv-00372-BLF, 2021 WL 1531171, at *8 (N.D. Cal. Apr. 19, 2021).

Applying those considerations to this case, the relief provided to the Class appears adequate given the strength of Plaintiffs' case and the risk, expense, complexity, and likely duration of continued litigation. Indeed, Plaintiffs' case is only at the pleading stage, meaning there are several hurdles between Plaintiffs and successful recovery at trial. Moreover, Plaintiffs' cause of action is a securities action, and such actions are generally "highly complex," "notably difficult," and "notoriously uncertain." *Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *13 (N.D. Cal. Dec. 18, 2018). Further complicating Plaintiffs' case is that litigation would involve seeking discovery from parties and witnesses located in China. This carries unique difficulties, as according to Chinese law, productions outside of China must first be reviewed and approved by the necessary Chinese government officials. This will necessarily slow down and make more expensive Plaintiffs' case. This unique difficulty, combined with the difficulties of enforcing any potential judgment against parties based in China, make the $4.8 million Settlement sufficiently reasonable.

### d. The Proposed Method for Distributing Relief

The next consideration for evaluating the adequacy of the Settlement is the "effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C)(ii). The Court approved of Plaintiffs' proposed method for distributing relief when it granted preliminary approval of the settlement, and its conclusion in this regard does not change. Plaintiffs' proposed method for distributing relief is standard in security class actions: notice is distributed electronically and by print to potential class members; class members who wish to recover from the Settlement submit claim forms containing information necessary to calculate their recovery; the Claims Administrator gives class members an opportunity to cure any deficiencies in their claims; and finally, the Administrator sends claimants their *pro rata* share of the Net Settlement Fund. This method of distribution is "straightforward and effective." *See Oh v. Hanmi Fin. Corp.*, No. 2:20-cv-

| | | : |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|---|---|---|---|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

02844-FLA, 2024 WL 3435259, at *5 (C.D. Cal. Mar. 19, 2024) (approving a settlement where, as is the case here, "Class Members that do not opt out timely will receive a pro rata share of the net settlement amount relative to their losses").

### e.  The Proposed Award of Attorney Fees

The Court will address Plaintiffs' proposed award of attorney fees separately from its analysis of the Rule 23(e) factors. As a preview, the Court disagrees with Plaintiffs' proposed fees. But that disagreement is not so large as to completely undermine final approval of the Settlement.

### f.  Other Agreements

Lastly, when considering the adequacy of the proposed relief, Rule 23(e)(2)(C)(iv) requires disclosure and consideration of any agreement made in connection with the Settlement. Only one such agreement exists in this case: a supplemental agreement that provides Defendants the right to terminate the Settlement if Settlement Class Members holding more than a certain number of shares opt-out. "This type of agreement is common in securities fraud actions and does not weigh against" approval of the settlement. *Cheng Jiangchen v. Rentech, Inc.*, No. 17-cv-1490-GW, 2019 WL 5173771, at *7 (C.D. Cal. Oct. 10, 2019).

### g.  Equitable Treatment of Class Members

The final 23(e) factor is whether "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). "Consistent with this instruction, the Court considers whether the proposal 'improperly grant[s] preferential treatment to class representative or segments of the class.'" *Wong*, 2021 WL 1531171, at *9 (quotations omitted). Here, the Settlement offers no preferential treatment to any Settlement Class Member. The Settlement Fund is distributed *pro rata* to authorized claimants based on their Recognized Loss, which is calculated based on when each investor purchased, acquired, and/or sold Dada shares, which is standard procedure in these cases. *See Vinh Nguyen v. Radient Pharms. Corp.*, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014) ("A settlement in a securities class action case

| | : |
|---|---|
| Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|----------|----------------------|------|----------------|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

can be reasonable if it fairly treats class members by awarding a pro rata share to every Authorized Claimant, but also sensibly makes interclass distinctions based upon, *inter alia*, the relative strengths and weaknesses of class members' individual claims and the timing of the purchases of the securities at issue.").

### h.  Settlement Amount

While not enumerated in Rule 23(e), "[t]he relief that the settlement is expected to provide to class members is a central concern" when approving a class settlement. *Wong*, 2021 WL 1531171, at *9 (quoting 2018 R23 Advisory Notes). The Settlement amount is not "to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). Accordingly, because "[s]ettlement is the offspring of compromise[,]" "the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon*, 150 F.3d at 1027.

The primary relief in this case is the settlement amount: $4.8 million that is to be distributed (after the deduction of fees and taxes) to class members that submitted valid claims. The Court finds that this $4.8 million settlement amount is reasonable, as it represents 13.7% of the maximum estimated damages of $34.9 million under Plaintiffs' best-case scenario. This is well within the range of standard settlements in securities class actions. *See, e.g.*, *In re Snap Sec. Litig.*, 2021 WL 667590, at *1 (C.D. Cal. Feb. 18, 2021) (approving a settlement that was "approximately 7.8% of the class's maximum potential aggregate damages, which [was] similar to the percent recovered in other court-approved securities settlements"); *see also* Cornerstone Report Excerpts, ECF No. 73-6 (analyzing the size of recoveries in Rule 10b-5 claims with maximum estimated damages between $25 and $74 million and finding that the median recovery was ~8% of the estimated damages).

### i.  The Extent of Discovery and the Stage of Proceedings

In addition to the 23(e)(2) factors, courts in the Ninth Circuit consider "the extent of discovery

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|---|---|---|---|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

completed and the stage of the proceedings" when deciding whether to approve a class action settlement. *Hanlon*, 150 F.3d at 1026. Importantly, "in the context of class action settlements, formal discovery is not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Instead, "courts look for indications that the parties carefully investigated the claims before reaching a resolution." *In re: Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2016 WL 6248426, at *13 (N.D. Cal. Oct. 25, 2016).

In this case, while the parties did not proceed to discovery, Lead Counsel nonetheless conducted an extensive investigation of the claims asserted in this Action, including: (i) reviewing Dada's SEC filings, press releases, conference calls, and other public statements during the Class Period, (ii) reviewing public documents, reports, announcements, and news articles concerning Dada; (iii) interviewing former Dada employees and other knowledgeable third parties; and (iv) consulting a damages expert and an accounting expert. These efforts allowed Lead Counsel to make an informed assessment of the strengths and weaknesses of the case, which further gives the Court confidence that the Settlement is reasonable even at this early stage of litigation. *See e.g.*, *Mego*, 213 F.3d at 459 (approving settlement even though "extensive formal discovery had not been completed" because "Class Counsel conducted significant investigation, discovery and research"); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998) (approving class settlement after the filing of a motion to dismiss but prior to significant discovery and reasoning that "formal discovery is not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement") (quotations omitted).

**j. The Experience and Views of Counsel**

When evaluating whether to approve a class action settlement, courts give weight to the experience of counsel, as "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). Indeed, "great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (quotations omitted).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|---|---|---|---|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

In this case, Lead Counsel and Defendants' counsel both have extensive experience with securities class actions. In fact, a court in this district has remarked that Lead Counsel (the Rosen Law Firm) "has the necessary skill and knowledge to effectively prosecute" securities class actions. *Pace v. Quintanilla*, 2014 WL 4180766, at *3 (C.D. Cal. Aug. 19, 2014). Defendants' Counsel—Skadden, Arps, Meagher & Flom LLP—similarly carries extensive experience in this area of litigation. Given this valuable experience on both sides of the litigation, that both sets of counsel recommend the Settlement provides the Court with good reason to find that it is reasonable for all parties involved.

### k.  Objections to the Settlement

After Plaintiffs sent notice to potential class members of the proposed settlement, they also provided said members with the opportunity to object to the settlement's terms. The quantity of objections, and their content, "is a proper consideration for the trial court" when considering whether to approve a class action settlement. *DIRECTTV*, 221 F.R.D. at 528 (quoting 5 *Moore's Federal Practice*, § 23.85(2)(D) (Matthew Bender 3d ed.)). That said, not all class members' views are given equal weight. The views of class representatives "may be entitled to special weight because [the Lead Plaintiff] may have a better understanding of the case than most members of the class." *Id.* (quoting Manual for Complex Litigation (Third) § 30.44 (1995)).

Plaintiffs sent 16,129 notices of settlement and only received one objection from potential class member Kong Quingxun. *See* ECF No. 74. Mr. Quingxun took issue with the amount of the Settlement and argued that Defendant should pay a larger settlement sum. *See id.*

While relevant to the Court's analysis, this single objection is insufficient to warrant denial of the Settlement. First, while Mr. Quingxun did object, his objection stands alone. This significantly decreases the weight of his objection, as "[i]t is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of the proposed class settlement action are favorable to the class members." *DIRECTTV*, 221 F.R.D. at 529; *see also Wong*, 2021 WL 1531171, at *9 (approving class settlement despite a single objection from one class member).

| | : |
|---|---|
| Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|----------|------------------------|------|----------------|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

Second, while the Court appreciates Mr. Quingxun's participation in the settlement process, the Court does not find his objection a valid reason to deny the Settlement. Mr. Quingxun essentially wants the settlement to be a larger proportion, if not 100%, of the ~35 million maximum recovery in this case. But this desire stands in conflict with the statistically likely outcome of cases such as Plaintiffs'. The Settlement is 13.7% of the maximum estimated damages, which is close to double the median recovery of securities claims of the same nature and size as Plaintiffs' claim. *See* Cornerstone Report Excerpts, ECF No. 73-6 (analyzing the size of recoveries in Rule 10b-5 claims with maximum estimated damages between $25 and $74 million and finding that the median recovery was ~8% of the estimated damages). There is reason to doubt that Plaintiffs' claim would significantly outperform the median securities claim of this size, as Plaintiffs have not even survived the motion to dismiss stage, let alone class certification, summary judgment, and trial. Quite the contrary, there are specific circumstances in this case that make a median recovery *less* likely. Defendants are based in China, which puts doubts on whether Plaintiffs would be able to recover a judgment even if they did prevail at trial.

Third, standing in contrast to the lone objection to the Settlement is the approval of the Lead Plaintiff, Plaintiffs' counsel, and Defendants' counsel. All three of these parties are more involved with the case, and its merits, than Mr. Quingxun, and thus the Court will afford more weight to their opinion as to the reasonableness of the Settlement.

### l.  Weighing the factors

Balancing the 23(e)(2) factors and the other factors for class settlement approval outlined by the Ninth Circuit, the Court finds, for the foregoing reasons, that the Settlement is fair and reasonable.[2]

### B.  Plan of Allocation

"Approval of a plan of allocation of settlement proceeds in a class action . . . is governed by the

---

[2] While the Court approves of the Settlement, it does not fully approve of the proposed attorney fees. The Court's stance on this issue is outlined later in this Order.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|----------|------------------------|------|----------------|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

same standards of review applicable to approval of the settlement as a whole: the plan must be fair, reasonable and adequate." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1045 (N.D. Cal. 2008). For example, "[i]t is reasonable to allocate the settlement funds to class members based on the extent of their injuries[.]" *Id.*

That is exactly the plan of allocation here. Plaintiffs' Plan of Allocation distributes settlement proceeds on a *pro rata* basis, calculating a claimant's relative loss proximately caused by the Defendants' alleged misrepresentations and omissions based on factors such as when and at what prices the claimant purchased and sold the shares at issue. Such allocation plans that "allocate money depending on the timing of purchases and sales of the securities at issue are common." *In re Datatec Sys., Inc. Sec. Litig.*, 2007 WL 4225828, at *5 (D.N.J. Nov. 28, 2007) (approving a plan of allocation that "provides different payments to different class members, according to when their [] stock was purchased and sold"); *see also In re Gen. Instrument Sec. Litig.*, 209 F. Supp. 2d 423, 431 (E.D. Pa. 2001) (holding that a plan of allocation is "even handed" because "claimants are to be reimbursed on a *pro rata* basis for their recognized losses based largely on when they bought and sold their shares."). The Court therefore approves of Plaintiffs' Plan of Allocation.

### C. Notice

Under Rule 23(e), in the case of settlement in a class action, the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and come forward and be heard." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009).

Here, Plaintiff, through the Claims Administrator: (1) emailed links to the Long Notice and Claim form to persons whose email addresses were obtained; and if email addresses could not be reasonably obtained, mailed postcard notice to all those who could be identified with reasonable effort; and (2) published notice of settlement electronically via *GlobeNewsire* and in print via *Investor's Business Daily*. Together, these methods led Plaintiffs to mail/email 16,129 notices.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|---|---|---|---|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

        The Long Notice provided, in plain wording: (a) the rights of Settlement Class Members, including the manner in which they may lodge objections or request exclusion and instructions on how to complete and submit a Claim Form to the Claims Administrator; (b) the nature, history, progress, and status of the litigation; (c) the proposed Settlement; (d) the process for filing a Claim Form; (e) a description of the proposed Plan; (f) the maximum attorneys' fees and expenses and award to Plaintiffs to be sought by Lead Counsel; (g) the definition of the Settlement Class; (h) the reasons the Parties have proposed the Settlement; (i) the estimated distribution per damaged ADS; (j) the Settlement Class's claims and issues; (k) the parties' disagreement over damages and liability; (l) contact information for all counsel and the Court; and (m) the time, date, and location of the Settlement Hearing. The notice also informed class members that they could object to the Settlement or exclude themselves from the Settlement Class, and the consequences thereof.

        The Court finds that the above Notice Plan is sufficient, as it "generally describe[d] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Rodriguez*, 563 F.3d at 962. Indeed, similar notice programs are routinely approved by the courts. *See, e.g.*, *Oh v. Hamni Fin. Corp.*, No. 2:20-cv-02844-FLA, 2024 WL 3435259, at *6 (C.D. Cal. Mar. 19, 2024) (approving a nearly identical notice plan).

###    D.  Attorneys' Fees and Expenses

        When approving class action settlements, "Courts may only award 'reasonable' attorneys' fees." *In re California Pizza Kitchen Data Breach Litigation* ("*California Pizza Kitchen*"), 2025 WL 583419 (9th Cir. Feb. 24, 2025) (citing Fed. R. Civ. P. 23(h)). "The 'touchstone' for that analysis is 'the benefit to the class'—class counsel can only reap rewards if they have delivered results for class members." *Id.* (quotations omitted).

        "This circuit has signed off on two methods for determining reasonable attorneys' fees in class actions: the 'lodestar' method and the 'percentage-of-recovery' method." *Id.* "Under the lodestar method, the court multiplies the number of hours reasonably spent on the case by a reasonable hourly rate." *Id.*

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|---|---|---|---|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

"Under the percentage-of-recovery method, the court simply awards counsel with a percentage of the recovery claimed by the class—the typical benchmark is 25%." *Id.* "Under both methods, certain factors, like 'the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment,' may favor upward or downward adjustment." *Id.* (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011)).

### 1. The Court will apply the "percentage-of-recovery" method.

Plaintiffs seek an award of 25% of the Settlement under the "percentage-of-recovery" method. As a threshold matter, it is appropriate in this case to apply the "percentage-of-recovery" method instead the lodestar method. "[U]sing the percentage method is proper in a securities fraud case," as the [Private Securities Litigation Reform Act ("PSLRA")] states that '[t]otal attorneys' fees and expenses awarded by the court to counsel for plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class.'" *In re Am. Apparel, Inc. S'holder Litig.*, 2014 WL 10212865, at *20 (C.D. Cal. July 28, 2014) (quoting 15 U.S.C. § 78-u—4(a)(6)). "By using this language, 'Congress plainly contemplated that percentage-of-recovery would be the primary measure of attorneys' fees awards in federal securities class actions.'" *Id.* (quotations omitted).

### 2. Reasonableness of Attorney Fees

Next, the Court must evaluate whether Plaintiffs' requested percentage—25% of the Settlement—is fair and reasonable. To make this evaluation, courts consider the following factors: "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; (5) the reaction of the Settlement Class; and (6) awards made in similar cases." *In re Stable Rd. Acquisition Corp.*, No. 2:21-cv-5744-JFW, 2024 WL 3643393, at *12 (C.D. Cal. Apr. 23, 2024) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) (analyzing the factors listed in *Stable Rd.*)).

The Court starts with the Ninth Circuit's 25% benchmark. While application of this "benchmark" is widespread, "[c]ourts cannot rationally apply any percentage, [including the 25% benchmark], in the

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|----------|----------------------|------|----------------|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

abstract, without reference to all the circumstances of the case before it." *In re Brooktree Sec. Litig.*, 915 F. Supp. 193, 197 (S.D. Cal. 1996). Ultimately, even when applying the Ninth Circuit's 25% benchmark, courts must find that the fee award is "reasonable under the circumstances." *In re Washington Pub. Power Supply Sys. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994).

Application of the 25% benchmark is typically reasonable because, by awarding more than a court would typically under a lodestar calculation,[3] courts recognize that "an attorney should be compensated both for services rendered and for the risk of loss or nonpayment assumed by accepting and prosecuting the case." *In re Quantum Health Res., Inc.*, 962 F. Supp. 1254, 1257-58 (C.D. Cal. 1997). Indeed, by setting a benchmark at 25%, the Ninth Circuit "assumes a genuine degree of risk" on the part of the plaintiffs' attorneys. *Id.*

But in securities class actions such as these, that assumption loses applicability, as "experience is showing there is no inherent risk in the large majority of securities class action suits." *Id.* (collecting studies that "produce[] empirical evidence showing there is little risk in [securities] cases"); *see also Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 52 (2d Cir. 2000) (noting that "[a]t least one empirical study has concluded that 'there appears to be *no appreciable risk* of non-recovery' in securities class actions, because 'virtually all cases settled'" and further noting that "[a]necdotal evidence tends to confirm this conclusion") (emphasis in original).

"Lacking the underlying premise that these [securities] cases are inherently risky, it is appropriate for a court to depart significantly from the 25% benchmark created by the Ninth Circuit for attorneys' fees in common fund cases unless genuine risk exists in a particular securities class action case." *Quantum Health Res.*, 962 F. Supp. at 1258-59. In other words, courts "will not simply rubber stamp fee award requests substantially in excess of the value of services allegedly performed without a showing of the circumstance traditionally held to justify that excess—a genuine risk of nonrecovery." *Id.* at 1259 (citing *Blum v. Stenson*, 465 U.S. 886, 901 (1984) (holding that an upward adjustment of attorneys' fees for the

---

[3] *See Vicaino*, 290 F.3d at 1051 n.6 (analyzing class action settlements involving common funds and finding that a strong majority (92%) awarded "percentage-of-recovery" attorney fee awards larger than the lodestar calculation).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|----------|----------------------|------|----------------|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

contingent nature of civil rights litigation was not justified without identification of the risks associated with the litigation). For example, in *Quantum Health Res.*, the court reduced the plaintiffs' attorneys' fees from 25% of the common fund to 10% because the case "was a relatively simple case in which the securities law violations were apparent." 962 F. Supp. at 1259.

This case presents the same circumstances as *Quantum Health Res.*, and the Court will deviate from the Ninth Circuit's 25% benchmark for the same reasons. First, like *Quantum Health Res.*, this is a securities case that statistically bears "no inherent risk of attorneys fee non-recovery." *See id.* at 1258. Plaintiffs identify no circumstances specific to this case that render their chances of successful settlement lower than the typical securities plaintiff. Nor does Plaintiffs' complaint provide any reason to deem this securities class action unique. Plaintiffs allege that Defendants purposefully inflated their revenue numbers to artificially meet their revenue projections. *See* First Amended Complaint ¶¶ 2-4, ECF No. 45. These allegations, if true, constitute boilerplate securities fraud. Accordingly, like *Quantum Health Res.*, this is "a relatively simple case in which securities law violations were apparent." *See* 962 F. Supp. at 1259. Given the simplicity of this case, the risk of non-recovery is simply too low to justify a blanket award of 25% of the common fund. *See id.*

The low risk of non-recovery is not the only reason to depart from the 25% benchmark. Also relevant is that the case settled at the pleading stage before Defendants even filed a motion to dismiss. The "skill required and quality of work" to bring a case to this stage of litigation is no more than the skill required to file a complaint. That Plaintiffs' counsel did not actual spend very much time, money, or intellectual effort litigating this case is further reason to depart from the 25% benchmark. *See In re Brooktree Sec. Litig.*, 915 F. Supp. 193, 197 (S.D. Cal. 1996) (decreasing a fee award from the 25% benchmark in part because the "case required class counsel neither to engage in numerous motions nor commit an extensive staff to the case for a period of many years").

For the same reasons, that only 10 months separate Plaintiffs' filing of the complaint and Defendants' motion for preliminary approval of settlement further justifies departure from the benchmark. *See id.* (deviating downward from the 25% benchmark in part because "a relatively short period of ten months elapsed from the time of filing of the complaints in this case to settlement"); *see also Hardy v.*

| Initials of Preparer | | : | |
|---------------------|--|---|--|
| | | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|---|---|---|---|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

*Embark Tech., Inc.*, No. 3:22-cv-02090-JSC, 2024 WL 1354416, at *8 (N.D. Cal. Mar. 29, 2024) (reducing the plaintiffs' requested attorneys' fees in part because the "case settled very early which the Court must take into account when considering both the level of risk and the burdens on Class Counsel").

And while it is true that no class members objected to the proposed attorney fees,[4] "[f]ailure of class members to object to the proposed fee award . . . is not dispositive." *Brooktree*, 915 F. Supp. at 197. Indeed, in cases, such as here, where "the court has no information about the sophistication of the class nor its members' awareness of issues concerning attorneys' fees," the Court cannot justify an award of the benchmark 25% simply because the class members—every day nonlawyers—did not object to the proposed attorney fees. *See id.* (deviating downward from the 25% benchmark despite the fact that class members did not object to the proposed attorney fee award).

The Court is similarly unmoved by the district court cases cited by Plaintiffs that award the Ninth Circuit's 25% benchmark. *See, e.g.*, *In re Am. Apparel, Inc. S'holder Litig.*, No. 10-cv-06352-MMM, 2014 WL 10212865, at *23 (C.D. Cal. July 28, 2014). To start, most of these cases made it past the motion to dismiss stage, if not farther. So the skill and quality of lawyering in these cases is necessarily higher, as are the burdens on class counsel, which warrants a higher award of fees.

To the extent that these cases considered securities cases that similarly settled before the motion to dismiss stage, the Court is not persuaded that these courts adequately considered the minimal risk of nonrecovery in modern securities actions. Ultimately, regardless of other district court decisions, the directive from the Ninth Circuit is to award attorney fees that are "reasonable under the circumstances." *See In re Washington Pub. Power Supply Sys. Litig.*, 19 F.3d at 1295. And for the reasons already stated, it is reasonable under this case's circumstances to deviate downward from the Ninth Circuit's benchmark.

To be sure, the Court acknowledges that Plaintiffs' counsel achieved better than average results in this case. They settled for 13.7% of the maximum estimated damages, which is larger than the median settlement in securities claims of similar sizes. But even if better than average, $4,800,000 still pales in

---

[4] While one class member did object to the Settlement overall, he did not take issue with the amount of attorney fees.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|---|---|---|---|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

comparison to the estimated maximum recovery available in this case of $35,000,000, and thus the size of Plaintiffs' settlement is by no means sufficient to justify awarding Plaintiffs' the benchmark percentage. Nonetheless, in recognition of Plaintiffs' better than average settlement, the Court will award Plaintiffs' more than simply their lodestar amount.

Accordingly, in light of the minimal risk of nonrecovery in securities actions such as this one, the short duration of the case, and that the case settled before the motion to dismiss stage, the Court will deviate downward from the Ninth Circuit's benchmark. But, in recognition of the positive settlement results achieved by Plaintiffs, the Court will award more than the lodestar amount, which Plaintiffs estimated at $672,385.50. Together, these competing forces lead the Court to award 20% of the $4,800,000 common fund, which comes to $960,000.

### 3. Expenses

"[A]n attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." *In re Heritage Bond Litig.*, 2005 WL 1594403, at *23 (C.D. Cal. June 10, 2005). Here, Plaintiffs seek $57,904.03 in litigation expenses. These fees constitute: (1) fees for a financial expert; (2) fees for an accounting expert; (3) mediator fees; (4) investigator fees; (5) fees related to providing notice of settlement to class members; (6) court filing fees; (7) *pro hac vice* fees; (8) online legal research fees; (9) travel expenses; and (10) other miscellaneous expenses. Declaration of Jing Chen ("Chen Decl.") ¶¶46, 49, ECF No. 73.

The Court finds that these expenses are reasonable. First, these are the types of expenses that courts typically find reasonable. *See, e.g.*, *In re LJ Int'l, Inc. Sec. Litig.*, No. 07-cv-06076-GAF, 2009 WL 10669955, at *5 (C.D. Cal. Oct. 19, 2009) (awarding expenses for "research, travel, photocopying, and experts" and noting that those expenses "appear reasonable, and are of the type normally charged to typical clients"); *Luna v. Marvell Tech. Grp.*, 2018 WL 1900150, at *4 (N.D. Cal. Apr. 20, 2018) (granting reimbursement for experts, investigators, travel, filing costs, photocopies, and online legal and factual research and holding that those expenses "were a reasonable and necessary part of the litigation, and are of a type customarily billed to a fee-paying client"). Second, after analyzing Plaintiffs' expenses, the Court

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|----------|------------------------|------|----------------|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

finds that in addition to these categories of expenses being reasonable, that the size of the expenses is reasonable as well. The Court will therefore award Plaintiffs $57,907.03 to reimburse them for their litigation expenses.

### 4. Reimbursement for Lead Plaintiffs

Plaintiffs request that the court award Plaintiffs Subramanian and Wang $15,000 ($10,000 for Subramanian and $5,000 for Wang) as compensation for the time they spent representing the Settlement Class. Such fees are often referred to as "Incentive Awards."

Typically, when an individual joins his claims with a class, they "disclaim any right to a preferred position in the settlement [of those claims]." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 632 (9th Cir. 1982). That said, "[s]ome courts have recognized that class representatives are entitled to some compensation for the risk and inconvenience incurred on behalf of the class." *In re Heritage Bond Litig.*, No. 02-ML-1475, 2005 WL 1594403, at *14 (C.D. Cal. June 10, 2005). Ultimately, [t]he court has discretion to decide whether enhancements fees should be awarded to class representatives and the appropriate amount of these fees." *Id.* In exercising that discretion, courts consider: "(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of litigation." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

To justify an incentive award in this case, Plaintiffs explain that they filed the initial complaint, reviewed complaints and other pleadings, regularly communicated with counsel, gathered and produced information to Lead Counsel concerning their investments, and made themselves available to testify at deposition or trial. *See* Mot. for Award of Attorneys' Fees at 18, ECF No. 72. Breaking these exploits down to brass tax, however, Plaintiffs essentially supplied Lead Counsel with information regarding their investments, communicated with their lawyers, and reviewed a couple of complaints. Given that the litigation only lasted 10 months, this is insufficient activity to justify the incentive awards requested by

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-00239-SVW-BFM | Date | March 14, 2025 |
|---|---|---|---|
| Title | *Yan Wang v. Dada Nexus Limited et al.* | | |

Plaintiffs. *Cf. Brown v. China Integrated Energy Inc.*, No. 11-cv-02559-BRO, 2016 WL 11757878, at *14 (C.D. Cal. July 22, 2016) (awarding incentive awards because the plaintiffs had been "actively involved in the litigation" for "five years"). The Court will instead award Plaintiffs an incentive award of $5,000, to be split equally by Plaintiffs Subramanian and Wang.

**IV.    Conclusion**

For the foregoing reasons, Plaintiffs' motion for final approval of settlement, plan of allocation, and final certification of settlement class is GRANTED.

Plaintiffs' motion for attorneys' fees, expenses, and award to Plaintiffs is GRANTED IN PART and DENIED IN PART. The Court will award Plaintiffs' attorneys' fees in the amount of 20% of the common fund, or $960,000. The Court will also award Plaintiffs' $57,907.03 in expenses. The Court will award Plaintiffs Subramanian and Wang $5,000 in total, to be split evenly between them.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | PMC |