

Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

[*Additional Counsel on Signature Page*]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

YAN WANG, individually and on behalf of all others similarly situated,

                    Plaintiff,

          v.

DADA NEXUS LIMITED, JEFF HUIJIAN HE, BECK ZHAOMING CHEN, LAURA MARIE BUTLER, BAOHONG SUN, JIAN HAN, AND JD.COM, INC.

                    Defendants.

Case No. 2:24-cv-00239-SVW-BFM

**NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

CLASS ACTION

Date:        July 14, 2025
Time:        1:30 p.m.
Courtroom: 10A
Judge: Hon. Stephen V. Wilson

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; 2:24-cv-00239-SVW-BFM

**PLEASE TAKE NOTICE** that Lead Plaintiff Senthil Subramanian and Named Plaintiff Yan Wang ("Wang" and with Subramanian, "Plaintiffs"), on behalf of themselves and the Settlement Class, hereby move this Court for entry of the accompanying [Proposed] Order for Distribution of Class Action Settlement Funds.

In support of this Motion, Plaintiffs submit the accompanying Memorandum of Points and Authorities, the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process and the exhibits attached thereto, all other pleadings and matters of record, and such additional evidence or arguments as may be presented at the hearing. A [Proposed] Order for Distribution of Class Action Settlement Funds is submitted herewith.

Plaintiffs make this motion following the Court's order granting final approval and attorney fees, following which Defendants' counsel advised that Defendants do not oppose this motion.

Dated: June 16, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Emails: philkim@rosenlegal.com

Jing Chen (*pro hac vice*)
Gonen Haklay (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Emails: jchen@rosenlegal.com

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; 2:24-cv-00239-SVW-BFM

ghaklay@rosenlegal.com

Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com


*Lead Counsel for Plaintiffs and the Class*

3

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; 2:24-cv-00239-SVW-BFM

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

Lead Plaintiff Senthil Subramanian and Named Plaintiff Yan Wang ("Wang" and with Subramanian, "Plaintiffs"), submit this memorandum of law in support of their motion for entry of the [Proposed] Order for Distribution of Class Action Settlement Funds ("Distribution Order"), submitted herewith.[1] If entered by the Court, and subject to the Court's final approval of the Settlement, the Distribution Order will, among other things: (i) approve the Claims Administrator's recommendations accepting and rejecting Claims submitted in the Action; (ii) direct the distribution of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted as valid and approved by the Court; and (iii) confirm approval of the requested Administration Costs. The specifics of the proposed plan for distribution of the Net Settlement Fund are set forth in the accompanying Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Declaration").

## I.    BACKGROUND

On October 14, 2024, the Parties entered into the Stipulation, the terms of which established a $4,800,000 Settlement on behalf of the Settlement Class.

The Court granted preliminary approval of the Settlement on November 27, 2024 ("Preliminary Approval Order"). Dkt. No. 68. Pursuant to the Preliminary Approval Order, court-appointed Claims Administrator Strategic Claims Services ("SCS" or "Claims Administrator"), disseminated direct notice to 16,129 potential Settlement Class Members by mailing copies of the Postcard Notice and emailing links to the Long Notice and Proof of Claim form on the settlement webpage, published the Summary Notice once electronically in *Investor's Business Daily* and transmitted it once over *PR Newswire*, and maintained a toll-free phone line. *See* Bravata Declaration ¶¶ 3-5.

---

[1] All capitalized terms not otherwise defined herein have the same meanings set forth in the Stipulation of Settlement dated October 14, 2024 ("Stipulation"). Dkt. No. 59.

The Claims Administrator has advised Lead Counsel that it has completed all analyses and accounting procedures in connection with the submitted claims and has finalized its determination of which claims are authorized and which are ineligible. *See* Bravata Declaration ¶ 7. All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. This Court should authorize the distribution of the Net Settlement Fund to Authorized Claimants, as identified in Exhibits B-1 and B-2 to the Bravata Declaration.

## II.    DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, Settlement Class Members wishing to participate in the Settlement were required to submit a Proof of Claim online or by mail, postmarked or received no later than February 15, 2025. Preliminary Approval Order at 20. The Claims Administrator continued processing all claims received up to February 28, 2025. Bravata Declaration ¶ 6. As a result of an effective notice program, through February 28, 2025, SCS received 4,371 Claim Forms. *Id*. SCS reviewed all 4,371 Claim Forms and has now finalized its determination of which claims are authorized and which are ineligible. *Id*. ¶¶ 6-7.

### A. Valid and Properly Documented Claims

SCS analyzed 4,371 Claim Forms received through February 28, 2025 and determined that 1,176 valid and properly-documented claims were received. Bravata Declaration ¶ 7. These valid claims represent Recognized Losses of $60,215,605.45, as calculated pursuant to the Plan of Allocation. *Id*. Plaintiffs request that the Court approve the properly documented claims as listed in Exhibits B-1 and B-2 to the Bravata Declaration.

The Court should also order that no claims received after February 28, 2025, or any responses to deficiency and/or rejection notices received after April 14, 2025, be included in the distribution. SCS has not processed any claims or responses to rejections received after these dates due to extreme lateness and because their inclusion

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; 2:24-cv-00239-SVW-BFM

would have delayed finalization of the administration. Bravata Declaration ¶ 6. To facilitate the efficient and proportional distribution of the Net Settlement Fund, there must be a final cut-off after which no other claims may be accepted. *See In re Citigroup Sec. Litig.*, 2014 WL 7399039, at *4 (S.D.N.Y. Dec. 29, 2014) ("[A]t some point in the distribution of a large class action settlement, such as this one, 'a cutoff date is essential and … the matter must be terminated.'"); *Hartman v. Powell*, 2001 WL 410461, at *1 (D.C. Cir. Mar. 15, 2001) ("Drawing a line is essential to achieve certainty and finality in such a large class action.").

### B. Deficient and Ineligible Claims

#### a. Inadequately Documented Claims

To be eligible for a payment from the proceeds of the Settlement, a Settlement Class Member must submit a Proof of Claim with adequate supporting documentation. *See* Dkt. No. 73-1, at p. 10 and p. 21 (Proof of Claim); Preliminary Approval Order at 10. The Court approved the contents of the Long Notice when issuing the Preliminary Approval Order, which included the documentation necessary for submission of a valid claim. *See* Preliminary Approval Order at 10; Dkt. No. 73-1 at p. 10 (Long Notice). Proper documentation may consist of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel. *Id*.

SCS initially identified 23 inadequately documented claims. Bravata Declaration ¶ 7. For all inadequately documented claims, SCS sent deficiency notices advising claimants of the inadequacy and giving them the opportunity to cure the deficiency. A sample deficiency notice is attached as Exhibit C to the Bravata Declaration. *Id*. Of the 23 claims initially identified as deficient, 8 have been successfully cured and are considered valid. *Id*. The claimants for the remaining 15 deficient claims either did not respond to the inadequacy notice or responded with inadequate documentation, and

each was sent a rejection notice setting forth the reasons for their inadequacy. *Id.*, Exhibit D to the Bravata Declaration (list of inadequate claims). To date, none of the 15 inadequate claimants have objected to or contested SCS's determination. *Id*. The Court should accept the Claim Administrator's determinations and reject these claimants' Claims.

### b. Claims Rejected for Reasons Other Than Inadequate Documentation

To be eligible for a payment from the proceeds of the Settlement, a Settlement Class Member must evidence transactions that result in a Recognized Loss under the Plan of Allocation. *See* Long Notice (Dkt. No. 73-1, pp. 15-17).

SCS has identified 3,180 claims that it recommends for complete rejection. Bravata Declaration ¶ 7, Exhibit E (list of ineligible claims). The reasons for rejection included (i) claims with no Recognized Losses; (ii) claims filed for Dada Nexus Limited ("DaDa") publicly traded American Depository Shares ("ADSs") purchased outside of the Settlement Class Period; (iii) claims with ADSs sold short; (iv) claims with DaDa ADSs that were not purchased or otherwise acquired, but were received, granted by gift, inheritance, or operation of law; (v) duplicate claims; (vi) claims field for securities other than DaDa ADSs; (vii) claims withdrawn from the filing entity; and (viii) fraudulent claim filed. *Id*. SCS sent these claimants rejection notices advising them of SCS's determination. *Id.*, Exhibit F (sample ineligibility notice). To date, none of these ineligible claimants have contested SCS's determination. *Id*.

### III. PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to ¶ 7.1 of the Stipulation: "After the Effective Date, Lead Counsel shall apply to the Court, on notice to the Parties, for the Settlement Fund Distribution Order." Further, pursuant to ¶ 7.3 of the Stipulation: "Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court." Lead

Counsel now seeks to distribute the Net Settlement Fund to the 1,176 Settlement Class Members whose claims have been accepted by the Claims Administrator, as set forth in Exhibits B-1 and B-2 to the Bravata Declaration.

Consistent with the Plan of Allocation and with the Court's approval, the Claims Administrator will conduct an Initial Distribution of the Net Settlement Fund to all Authorized Claimants on a *pro rata* basis whose distribution payments are $10.00 or more. Bravata Declaration ¶ 9. Based on the substantial experience of Lead Counsel and SCS in similar distributions, it can be expected that a certain number of payments to be distributed to Settlement Class Members who filed valid Claims will not be cashed promptly. To encourage Authorized Claimants to promptly cash their distribution checks and to avoid or reduce future expenses relating to unpaid distributions, Lead Counsel and SCS propose that all the distribution checks bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." *Id*.

The Claims Administrator will make reasonable and diligent efforts to encourage Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund to cash their distribution. If, however, after six months any funds remain in the Settlement Fund, by reason of uncashed checks or otherwise, the Claims Administrator will conduct a redistribution of the remaining funds. *Id*. During the redistribution, any amounts remaining in the Net Settlement Fund after the initial distribution, after payment of amounts mistakenly omitted from the initial distribution to Authorized Claimants, and after payment of Administration Costs incurred in administering the Settlement (including costs or fees of such redistribution), will be redistributed to all Authorized Claimants in the initial distribution who cashed their checks and would receive at least $10.00 from the second distribution, if such redistribution is economically feasible. *Id*.

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; 2:24-cv-00239-SVW-BFM

Finally, six months after the second distribution, if undertaken, or if a second distribution is not undertaken, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization selected by Lead Counsel. *Id.* The Proposed Order filed herewith confirms the Settlement's provisions for such redistribution of the Net Settlement Fund, as explained in the Plan of Allocation detailed in the Long Notice. Dkt. No. 73-1 at p. 14.

## IV. RELEASE OF CLAIMS

To allow for the full and final distribution of the Net Settlement Fund, the Court must bar any further claims beyond the amounts allocated to Authorized Claimants, and should release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, including Plaintiffs' counsel. Accordingly, the Court should bar all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to them under the terms of the Distribution Order. *See In re FAT Brands Inc. Sec. Litig.*, No. 2:22-cv-1820-MCS-RAO (C.D. Cal. Jan. 16, 2024) (Dkt. No. 75, Order Authorizing Distribution of Net Settlement Fund).

## V. RECORDS RETENTION AND DESTRUCTION

The Court should order that in no less than one year after all distribution(s) of the Net Settlement Fund to the eligible claimants, the Claims Administrator may destroy the paper and electronic copies of the Claim Forms and all supporting documentation. *See* Bravata Declaration ¶ 9.

## VI. CONCLUSION

For the foregoing reasons, the Court should approve and enter the [Proposed] Order for Distribution of Class Action Settlement Funds, submitted herewith.

Dated: June 16, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Emails: philkim@rosenlegal.com

Jing Chen (*pro hac vice*)
Gonen Haklay (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Emails: jchen@rosenlegal.com
        ghaklay@rosenlegal.com

Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

10

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; 2:24-cv-00239-SVW-BFM

**CERTIFICATE OF COMPLAINCE WITH L.R. 11-6.2**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 1,890 words, which complies with the limits of L.R. 11-6.1.

Dated: June 16, 2025

/s/ Phillip Kim
Phillip Kim

NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; 2:24-cv-00239-SVW-BFM